IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| WEST WIND EXPRESS, an Illinois Corporation, | ) ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, a North Carolina Corporation, | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, West Wind Express, an Illinois Corporation, by and through its attorneys, Busse, Busse & Grassé, P.C., and as and for its Complaint for Declaratory Judgment regarding the rights of Plaintiff in reference to Defendant, Occidental Fire & Casualty Company of North Carolina, a North Carolina Corporation, states as follows:

**I.** **Jurisdictional Allegations Pursuant to Fed. R. Civ. Proc. 8(a)(1): Bases of Jurisdiction – Arising Under the Laws of the United States and Diversity of Citizenship.**

1. The Plaintiff is a corporation organized under the laws of the State of Illinois, and having its principle place of business in Chicago, Illinois.

2. The Defendant is a corporation organized under the laws of North Carolina and having its principle place of business in at 702 Oberlin Road, Raleigh, North Carolina.

3. The dispute amongst the parties in Count I this action, *infra*, arises under the laws of the United States, and specifically includes the interpretation of 49 U.S.C. §13906(f) and regulations promulgated thereunder.

4. This Court has original jurisdiction over Count I of this matter, *infra,* pursuant to 28 U.S.C. §1331.

5. The Plaintiff is a citizen of Illinois.

6. The Defendant is a citizen of North Carolina.

7. The matter in controversy between the Plaintiff and the Defendant exceeds $75,000.00, exclusive of interests and costs.

8. Additionally, this Court has original jurisdiction of Counts I and II this matter, *infra*, pursuant to 28 U.S.C. §1332(a)(1).

9. Venue is proper in the Northern District of Illinois, Eastern Division, as a substantial part of the events giving rise to the claim at issue here occurred in Chicago, Cook County, Illinois, pursuant to 28 U.S.C. §1391(a).

10. Defendant contracted to insure Plaintiff, and its property and attendant risks thereto, located within the City of Chicago, County of Cook, and State of Illinois at the time of contracting, and therefore is subject to personal jurisdiction at the time of the commencing of this action pursuant to 735 ILCS §5/2-209(a)(4), and as such is a resident of the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(c).

11. Defendant has contacts with the Northern District of Illinois, Eastern Division sufficient to subject Defendant to personal jurisdiction there if the Northern District of Illinois were a separate State, and therefore is a resident of the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(c).

**II.** **Statement of the Claims Pursuant to Fed. R. Civ. Proc. 8(a)(2).**

**Count I: Declaratory Judgment**

12. Defendant Occidental Fire & Casualty Company of North Carolina issued a policy of insurance to Plaintiff West Wind Express, Inc., Policy Number CT 00014823, a copy of which is attached as Exhibit A, (hereinafter "Policy").

13. An endorsement attached to the Policy provides, *inter alia*,

> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo. It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other
>
> endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured. However, all terms, conditions and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

(Ex. A, p. 67). This endorsement is hereinafter referred to as the MCS-90 Endorsement.

14. Following a motor vehicle accident on December 23, 2005, Plaintiff West Wind Express was sued in three separate matters: <u>Erin Mack v. Josef Bohm, West Wind Express, et. al.</u>, Distict Court of Oklahoma County, Oklahoma, Case No. CJ-2007-10919; <u>Quick Fuel Fleet Services, LLC v. Josef Bohm and West Wind Express</u>, United States District Court, Northern District of Illinois, Case No. 07-C-1424; and a small claims action filed by the Oklahoma Department of Transportation.

15. Defendant denied coverage to Plaintiff regarding the occurrence described in paragraph 14.

16. After denying coverage to Plaintiff, Defendant voluntarily paid $100,000 to Quick Fuel Fleet Services, LLC regarding the occurrence described in Paragraph 14. in settlement of <u>Quick Fuel Fleet Services, LLC v. Josef Bohm and West Wind Express</u>, United States District Court, Northern District of Illinois, Case No. 07-C-1424.

17. After denying coverage to Plaintiff, Defendant voluntarily paid $524.34 to the Oklahoma Department of Transportation regarding the occurrence described in Paragraph 14. in settlement of the small claims action filed by the Oklahoma Department of Transportation.

18. After denying coverage to Plaintiff, Defendant voluntarily paid $14,666.67 to Erin Mack, Randy Bumgardner, and their attornesy, regarding the occurrence described in Paragraph 14., in settlement of <u>Erin Mack v. Josef Bohm, West Wind Express, et. al.</u>, Distict Court of Oklahoma County, Oklahoma, Case No. CJ-2007-10919.

19. After denying coverage to Plaintiff, Defendant voluntarily paid $7,333.33 to Federated Mutual Insurance Company regarding the occurrence described in Paragraph 14. in settlement of <u>Erin Mack v. Josef Bohm, West Wind Express, et. al.</u>, Distict Court of Oklahoma County, Oklahoma, Case No. CJ-2007-10919.

20. The above-referenced payments that Defendant made regarding the occurrence described in Paragraph 14. total $122,524.34.

21. Defendant has sought reimbursement from Plaintiff for the $122,524.34 Defendant paid regarding the occurrence described in Paragraph 14..

22. Defendant claims entitlement of reimbursement from Plaintiff for the $122,524.34 Defendant paid regarding the occurrence described in Paragraph 14. as a result of the MCS-90 Endorsement.

23. None of the payments made by Defendant regarding the Occurrences were a result of a final judgment, as that term is used in the MCS-90 Endorsement of the Policy.

24. Plaintiff is not obligated to reimburse Defendant for the payments made by Defendant regarding the Occurrences.

**Demand for Relief Pursuant to Fed. R. Civ. Proc. 8(a)(3)**

WHEREFORE, the Plaintiff, West Wind Express, seeks a declaration that there is coverage for the events described above under the Policy, and that it is not obligated to repay any sums whatsoever to Defendant, Occidental Fire & Casualty Company of North Carolina as a result of the events described in Paragraph 14. and for all other relief that this Court deems just, equitable and proper.

### Count II: Bad Faith Insurance Practices

25. Plaintiff incorporates by reference paragraphs 1-2, 5-24. as through fully set forth in this paragraph of this Count II.

26. Defendant's ongoing and repeated demands for reimbursement pursuant to the MCS-90 Endorsement are in violation of the terms of the Policy and the MCS-90 Endorsement, and constitute breaches of the duties Defendant owes to Plaintiff.

27. In looking at the totality of the circumstances, Defendant's breaches of its duties owed to Plaintiff as a result of the contract of insurance between Defendant and Plaintiff were ongoing, vexatious and unreasonable.

28. By one or more of the aforementioned ongoing vexatious and unreasonable acts of bad faith, Defendant did then and there breach its above-stated duties and as a result of said breaches, Plaintiff has been denied proper coverage, Plaintiff has been forced to litigate this declaratory judgment lawsuit, at its own expense and peril despite Plaintiff's demand for Defendant to meet and discharge its obligations under the policy and law of Illinois.

29. Pursuant to the Illinois Insurance Code, 215 ILCS 5/155, and due to Defendants unreasonable and vexatious actions concerning the handling of Plaintiff's request for coverage under the policy, Defendant is liable to Plaintiff for the maximum statutory amount of $60,000, plus reasonable attorney fees and costs.

30. Further, because Defendant's misrepresentations, conduct, and breaches of the duties owed to Plaintiff, exceed mere negligence and demonstrate utter indifference and reckless disregard for Plaintiff's rights, interests, and financial welfare, by, *inter alia*, seeking reimbursement of monies which Defendant voluntarily paid and claiming those voluntary payments to be a "final judgment" under the MCS-90 Endorsement, Plaintiff is also entitled to an award of punitive damages against Defendant.

**Demand for Relief Pursuant to Fed. R. Civ. Proc. 8(a)(3)**

WHEREFORE, the Plaintiff, West Wind Express, seeks a finding that Defendant's conduct constitutes bad faith pursuant to the Illinois Insurance Code, 215 ILCS 5/155 and an award therefore of $60,000, and for a further award of punitive damages, and for all other relief that this Court deems just, equitable and proper.

Respectfully submitted by:

/s/Edward K. Grassé

Edward K. Grassé, attorney for plaintiff, West Wind Express

BUSSE, BUSSE, & GRASSÉ, P.C.
20 N. Wacker Drive
Suite 1860
Chicago, Illinois 60606
(312)750-1212
FAX(312)750-1211
ARDC No.: 6244518