# Exhibit III

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WEST WIND EXPRESS,<br>    Plaintiff | )<br>)<br>) |
| v. | )    No. 10 CV 06263 |
| | )<br>)    Honorable Robert M. Dow, Jr. |
| OCCIDENTAL FIRE & CASUALTY COMPANY<br>Of NORTH CAROLINA,<br>    Defendant. | )<br>)<br>) |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

NOW COMES defendant, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA (OCCIDENTAL), by its attorneys, BERANEK, FEIEREISEL, KASBOHM & HAMMER, and in response to plaintiff's request for states as follows:

1. That the policy of insurance referenced in plaintiff's complaint is a genuine copy of the policy of insurance between plaintiff and defendant.

**ANSWER: Occidental is unable to admit or deny this request as the copy of the complaint in its possession does not contain a copy of the referenced policy of insurance. Further answering, Occidental states that it has previously produced a certified copy of policy # CT00014823 as pages 98-165 of its Rule 26(a) initial disclosures.**

2. Defendant paid $100,000 to Quick Fuel Fleet Services, LLC regarding the occurrence described in Paragraph 14 of plaintiff's complaint.

**ANSWER: Occidental admits that it paid $100,000 to Quick Fuel Fleet Services, LLC, regarding the incident alleged in the case entitled <u>Quick Fuel Fleet Services, LLC v. Josef Bohm and West Wind Express</u>, United States District Court, Northern District of Illinois, Case No. 07-C-1424. Further responding, Occidental states that its payment of $100,000 to**

Exhibit III

Quick Fuel Fleet Services, LLC, was made pursuant to the terms and conditions of the MCS 90 endorsement contained in the insurance policy referenced in item 1 above.

3. Defendant's payment of $100,000 to Quick Fuel Fleet Services, LLC was not required by any court order entered in <u>Quick Fuel Fleet Services, LLC v. Josef Bohm and West Wind Express</u>, United States District Court, Northern District of Illinois, Case No. 07-C-1424.

**ANSWER: Occidental admits that it's payment of $100,000 to Quick Fuel Fleet Services, LLC, regarding the incident alleged in the case entitled <u>Quick Fuel Fleet Services, LLC v. Josef Bohm and West Wind Express</u>, United States District Court, Northern District of Illinois, Case No. 07-C-1424, was not paid pursuant to any court order entered in that case. Further responding, Occidental states that its payment of $100,000 to Quick Fuel Fleet Services, LLC, was made pursuant to the terms and conditions of the MCS 90 endorsement contained in the insurance policy referenced in item 1 above.**

4. Defendant's payment of $100,000 to Quick Fuel Fleet Services, LLC was not required by any verdict entered in <u>Quick Fuel Fleet Services, LLC v. Josef Bohm and West Wind Express</u>, United States District Court, Northern District of Illinois, Case No. 07-C-1424.

**ANSWER: Occidental admits that it's payment of $100,000 to Quick Fuel Fleet Services, LLC, regarding the incident alleged in the case entitled <u>Quick Fuel Fleet Services, LLC v. Josef Bohm and West Wind Express</u>, United States District Court, Northern District of Illinois, Case No. 07-C-1424, was not paid pursuant to a verdict entered in that case. Further responding, Occidental states that its payment of $100,000 to Quick Fuel Fleet Services, LLC, was made pursuant to the terms and conditions of the MCS 90 endorsement contained in the insurance policy referenced in item 1 above.**

5.  Defendant's payment of $100,000 to Quick Fuel Fleet Services, LLC was paid as a result of a settlement of <u>Quick Fuel Fleet Services, LLC v. Josef Bohm and West Wind Express</u>, United States District Court, Northern District of Illinois, Case No. 07-C-1424. negotiated between Defendant and Quick Fuel Fleet Services, LLC.

**ANSWER:** **Occidental admits that it's payment of $100,000 to Quick Fuel Fleet Services, LLC, regarding the incident alleged in the case entitled <u>Quick Fuel Fleet Services, LLC v. Josef Bohm and West Wind Express</u>, United States District Court, Northern District of Illinois, Case No. 07-C-1424, was made pursuant to a settlement reached in that case between Occidental, by and on behalf of West Wind Express, and Quick Fuel Fleet Services, LLC. Further responding, Occidental states that its payment of $100,000 to Quick Fuel Fleet Services, LLC, was made pursuant to the terms and conditions of the MCS 90 endorsement contained in the insurance policy referenced in item 1 above.**

6.  Defendant's payment of $100,000 to Quick Fuel Fleet Services, LLC was not a result of a final judgment entered against plaintiff for public liability resulting from negligence in the operation, maintenance or use of motor vehicles in <u>Quick Fuel Fleet Services, LLC v. Josef Bohm and West Wind Express</u>, United States District Court, Northern District of Illinois, Case No. 07-C-1424.

**ANSWER:** **Occidental admits that it's payment of $100,000 to Quick Fuel Fleet Services, LLC, regarding the incident alleged in the case entitled <u>Quick Fuel Fleet Services, LLC v. Josef Bohm and West Wind Express</u>, United States District Court, Northern District of Illinois, Case No. 07-C-1424, was not a result of a final judgment against West Wind Express in that case. Further responding, Occidental states that its payment of $100,000 to Quick Fuel Fleet Services, LLC, was made pursuant to the terms and conditions of the MCS 90 endorsement contained in the insurance policy referenced in item 1 above.**

7. Defendant paid $22,000 in total payments to Erin Mack, Randy Bumgartner, Mr. Mack's attorneys, and insurance companies claiming a lien on payments to Mr. Mack (hereinafter "Mack Payments"), regarding the occurrence described in paragraph 14 of plaintiff's complaint.

**ANSWER: Occidental admits that it paid $22,000 in total payments to Erin Mack and Federated Mutual Insurance Company regarding the incident alleged in the case entitled Erin Mack v. Josef Bohm, West Wind Express, et. al., District Court of Oklahoma County, Oklahoma, Case No. CJ-2007-10919. Further responding, Occidental states that its payment of $22,000 to Erin Mack and Federated Mutual Insurance Company was made pursuant to the terms and conditions of the MCS 90 endorsement contained in the insurance policy referenced in item 1 above.**

8. Defendant's payment of $22,000 in Mack Payments was not required by any court order entered in Erin Mack v. Josef Bohm, West Wind Express, et. al., District Court of Oklahoma County, Oklahoma, Case No. CJ-2007-10919.

**ANSWER: Occidental admits that the $22,000 in total payments to Erin Mack and Federated Mutual Insurance Company regarding the incident alleged in the case entitled Erin Mack v. Josef Bohm, West Wind Express, et. al., District Court of Oklahoma County, Oklahoma, Case No. CJ-2007-10919 was not required by any court order entered in that case. Further responding, Occidental states that its payment of $22,000 to Erin Mack and Federated Mutual Insurance Company was made pursuant to the terms and conditions of the MCS 90 endorsement contained in the insurance policy referenced in item 1 above.**

9. Defendant's payment of $22,000 in Mack Payments was not required by any verdict entered in <u>Erin Mack v. Josef Bohm, West Wind Express, et. al.</u>, District Court of Oklahoma County, Oklahoma, Case No. CJ-2007-10919.

**ANSWER:** **Occidental admits that the $22,000 in total payments to Erin Mack and Federated Mutual Insurance Company regarding the incident alleged in the case entitled <u>Erin Mack v. Josef Bohm, West Wind Express, et. al.</u>, District Court of Oklahoma County, Oklahoma, Case No. CJ-2007-10919 was not required by a verdict entered in that case. Further responding, Occidental states that its payment of $22,000 to Erin Mack and Federated Mutual Insurance Company was made pursuant to the terms and conditions of the MCS 90 endorsement contained in the insurance policy referenced in item 1 above.**

10. Defendant's payment of $22,000 in Mack Payments was paid as a result of a settlement of <u>Erin Mack v. Josef Bohm, West Wind Express, et. al.</u>, District Court of Oklahoma County, Oklahoma, Case No. CJ-2007-10919, negotiated between Defendant and plaintiffs in that suit..

**ANSWER:** **Occidental admits that it's payment of $22,000 to Erin Mack and Federated Mutual Insurance Company regarding the incident alleged in the case entitled <u>Erin Mack v. Josef Bohm, West Wind Express, et. al.</u>, District Court of Oklahoma County, Oklahoma, Case No. CJ-2007-10919, was made pursuant to a settlement reached in that case between Occidental, by and on behalf of West Wind Express, and Erin Mack and Federated Mutual Insurance Company on the eve of the trial of that case. Further responding, Occidental states that its payment of $22,000 to Erin Mack and Federated Mutual Insurance Company was made pursuant to the terms and conditions of the MCS 90 endorsement contained in the insurance policy referenced in item 1 above.**

11. Defendant's payment of $22,000 in Mack Payments was not a result of a final judgment entered against plaintiff for public liability resulting from negligence in the operation, maintenance or use of motor vehicles in Erin Mack v. Josef Bohm, West Wind Express, et. al., District Court of Oklahoma County, Oklahoma, Case No. CJ-2007-10919.

**ANSWER:** **Occidental admits that it's payment of $22,000 to Erin Mack and Federated Mutual Insurance Company regarding the incident alleged in the case entitled Erin Mack v. Josef Bohm, West Wind Express, et. al., District Court of Oklahoma County, Oklahoma, Case No. CJ-2007-10919, was not a result of a final judgment against West Wind Express in that case. Further responding, Occidental states that its payment of $22,000 to Erin Mack and Federated Mutual Insurance Company was made pursuant to the terms and conditions of the MCS 90 endorsement contained in the insurance policy referenced in item 1 above.**

12. Defendant paid $524.34 to the Oklahoma Department of Transportation regarding the occurrence described in Paragraph 14 of plaintiff's complaint.

**ANSWER:** **Occidental admits that it paid $524.34 to the Oklahoma Department of Transportation regarding the incident alleged in the case entitled State of Oklahoma, et al v., West Wind Express, District Court of Oklahoma County, Oklahoma, Small Claims No. 2007-24454. Further responding, Occidental states that its payment of $524.34 to the Oklahoma Department of Transportation was made pursuant to the terms and conditions of the MCS 90 endorsement contained in the insurance policy referenced in item 1 above.**

13. Defendant's payment of $524.34 to the Oklahoma Department of Transportation was not required by any court order entered in the small claims action filed by the Oklahoma Department of Transportation against plaintiff.

ANSWER: Occidental admits that its payment of $524.34 to the Oklahoma Department of Transportation regarding the incident alleged in the case entitled <u>State of Oklahoma, et al v., West Wind Express,</u> District Court of Oklahoma County, Oklahoma, Small Claims No. 2007-24454, was not required by any court order entered in that case. Further responding, Occidental states that its payment of $524.34 to the Oklahoma Department of Transportation was made pursuant to the terms and conditions of the MCS 90 endorsement contained in the insurance policy referenced in item 1 above.

14. Defendant's payment of $524.34 to the Oklahoma Department of Transportation was not required by verdict entered in the small claims action filed by the Oklahoma Department of Transportation against plaintiff.

ANSWER: Occidental admits that its payment of $524.34 to the Oklahoma Department of Transportation regarding the incident alleged in the case entitled <u>State of Oklahoma, et al v., West Wind Express,</u> District Court of Oklahoma County, Oklahoma, Small Claims No. 2007-24454, was not required by a verdict entered in that case. Further responding, Occidental states that its payment of $524.34 to the Oklahoma Department of Transportation was made pursuant to the terms and conditions of the MCS 90 endorsement contained in the insurance policy referenced in item 1 above.

15. Defendant's payment of $524.34 to the Oklahoma Department of Transportation was paid as a result of a settlement of the small claims action filed by the Oklahoma Department of Transportation against plaintiff, negotiated between Defendant and plaintiff in that suit. .

ANSWER: Occidental admits that its payment of $524.34 to the Oklahoma Department of Transportation regarding the incident alleged in the case entitled <u>State of Oklahoma, et al v., West Wind Express,</u> District Court of Oklahoma County, Oklahoma, Small Claims

No. 2007-24454, was made pursuant to a settlement reached in that case between Occidental, by and on behalf of West Wind Express, and the Oklahoma Department of Transportation. Further responding, Occidental states that its payment of $524.34 to the Oklahoma Department of Transportation was made pursuant to the terms and conditions of the MCS 90 endorsement contained in the insurance policy referenced in item 1 above.

16. Defendant's payment of $524.34 to the Oklahoma Department of Transportation was not as a result of a final judgment entered against plaintiff for public liability resulting from negligence in the operation, maintenance or use of motor vehicles in the small claims action filed by the Oklahoma Department of Transportation against plaintiff.

ANSWER: Occidental admits that its payment of $524.34 to the Oklahoma Department of Transportation regarding the incident alleged in the case entitled <u>State of Oklahoma, et al v., West Wind Express,</u> District Court of Oklahoma County, Oklahoma, Small Claims No. 2007-24454, was not a result of a final judgment entered in that case. Further responding, Occidental states that its payment of $524.34 to the Oklahoma Department of Transportation was made pursuant to the terms and conditions of the MCS 90 endorsement contained in the insurance policy referenced in item 1 above.

STATE OF ILLINOIS   )
                    ) SS
COUNTY OF COOK      )

Julie Lindemann, being first duly sworn on oath, deposes and states that she is an authorized representative of defendant, Occidental Fire and Casualty Company of North Carolina in the above-captioned matter, that she has read the foregoing document, and the answers made herein are true, correct and complete to the best of her knowledge and belief.

Occidental Fire & Casualty Company of North Carolina

By: _____

Title  Senior Litigation Examiner

SUBSCRIBED and SWORN to before me this
___ day of ___May___, 2011.

_____
NOTARY PUBLIC

OFFICIAL SEAL
MAUREEN SARHAGE
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6-5-2013

## CERTIFICATION OF SERVICE

The undersigned, being one of the attorneys of record for the party hereinbefore designated, hereby certifies that on May 9, 2011, caused to be e-mailed and served a copy of the foregoing on all attorneys of record to whom this notice is addressed, said mailing having been made by placing a copy in an envelope properly addressed with postage paid and depositing same in the U.S. Mail at 55 West Monroe, Chicago, Illinois on the date aforesaid.

_____

**BERANEK, FEIEREISEL**
**KASBOHM & HAMMER**
55 West Monroe Street, Suite 3400
Chicago, Illinois 60603-5081
Phone: 312-782-9255
Fax: 312-782-4537

9