IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| WEST WIND EXPRESS, an Illinois Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, a North Carolina Corporation, | ) ) ) ) ) |
| Defendant. | ) ) |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR DECLARATORY SUMMARY JUDGMENT AS TO COUNT I

NOW COMES the Plaintiff, West Wind Express, an Illinois Corporation, (hereinafter "West Wind") by and through its attorneys, Busse, Busse & Grassé, P.C., and as and for its Memorandum of Law, pursuant to Local Rule No. 56.1(a)(2), in support of its Motion, pursuant to Fed. Rule Civ. Proc. R. 56(a), for Declaratory Summary Judgment as to Count I, states as follows:

**I.      Introduction**

The issue presented before this Court as to Count I is simple. Is a settlement a "final judgment" as that term is used in a standard insurance form prepared by the Federal Motor Carrier Safety Administration? The Seventh Circuit has recently answered this question with an unequivocal "no." *Auto Owners Ins. Co. v. Munroe*, 614 F. 3d 322 (2010). This resolves the dispute in Count I, and West Wind is entitled to summary judgment on that Count.

There is no dispute that Defendant, Occidental Fire & Casualty Company of North Carolina (hereinafter "Occidental") is seeking reimbursement from the Plaintiff under the terms of the MCS-90. (Statement of Uncontested Facts, hereinafter "SOUF," at ¶32). There is similarly

no dispute that Occidental is seeking reimbursement of amounts that it paid as settlements (SOUF, at ¶¶19, 24, 29), not amounts paid to satisfy final judgments. (SOUF, at ¶¶19, 24, 29).

With the Seventh Circuit's unequivocal finding that settlements are not "final judgments" which trigger reimbursement obligations under an MCS-90 endorsement, West Wind is entitled to judgment as a matter of law regarding Count I. West Wind has no obligation to reimburse Occidental for settlements Occidental entered into.

## II. History & Operation of MCS-90 Endorsements

The history, purpose, and operation of the MCS-90 form is well documented in the law. See, e.g. *Carolina Casualty Ins. Co. v. Yeates*, 584 F.3d 868, 872-87 (Cir. 5, 2009)(discussing history of MCS-90, cases interpreting operation of MCS-90). As explained in *Carolina Casualty*:

> Federal regulations require interstate trucking companies to maintain insurance or another form of surety "conditioned to pay any final judgment recovered against such motor carrier for bodily injuries to or the death of any person resulting from the negligent operation, maintenance or use of motor vehicles." 49 C.F.R. § 387.301(a); see also id. § 387.7. To satisfy this insurance requirement, most interstate trucking companies obtain a specific endorsement to one or more of their insurance policies— the MCS-90 endorsement—which guarantees payment of minimum amounts, as set forth in the regulations, to an injured member of the public. Id. §§ 387.7, 387.9. An MCS-90 endorsement is intended to "eliminate[] the possibility of a denial of coverage by requiring the insurer to pay any final judgment recovered against the insured for negligence in the operation, maintenance, or use of motor vehicles subject to federal financial responsibility requirements, even though the accident vehicle is not listed in the policy." 1 Auto. Liability Ins. 4th § 2:12 (2008).

The MCS-90 operates to shift the risk of non-payment of a final judgment from the injured party, who may not otherwise be paid where insurance coverage was denied, to the insurance company, who may not otherwise be paid if the insured lacks sufficient assets to make the reimbursement.

### III. MCS-90 Reimbursement Obligations Are Triggered Only by "Final Judgment," Not Settlement.

In Count I, West Wind seeks a declaratory judgment that it is not obligated to reimburse Occidental for the settlements that Occidental reached, and paid, in the underlying lawsuits. The resolution of the motion for summary judgment as to Count I is determined by a single, simple question. Is this Court bound by a July, 2010, decision of the United States Court of Appeals for the Seventh Circuit?

The Seventh Circuit has clearly ruled that a settlement is not a "final judgment" for purposes of an insurer seeking reimbursement under an MCS 90 endorsement. *Auto Owners Ins. Co. v. Munroe*, 614 F. 3d 322 (2010). Under this clear rule in *Munroe*, whether a settlement was entered into in order to avoid an adverse verdict (a verdict which would actually be a "final judgment") is not taken into consideration: as far as the Seventh Circuit is concerned "final judgment" means "final judgment."

A fair reading of *Munroe* makes clear that the finding in that case, that a settlement is not a "final judgment" for purposes of triggering a reimbursement obligation under an MCS 90 endorsement, is a central point decided by the decision, and is not merely *obiter dictum*, as it is anticipated Occidental may argue. The *Munroe* Court's decision includes the following lengthy discourse on this issue:

> No court, to our knowledge, has discussed how the MCS90 applies when more than one insured vehicle under the same endorsement is involved in the same accident-a rather unusual set of facts, especially in this case. ... **But we need not answer this question here because the MCS-90 is inapplicable for a more fundamental reason: there is no final judgment in this case, so Auto-Owners' payment obligation under the MCS-90 has not been triggered.** Moreover, because the Munroes have agreed to release Wilkens from any liability beyond what the insurance policy provides, ***there will never be an unpaid final judgment in this case: the parties have settled*** and the underlying case will presumably be dismissed once this declaratory judgment action is complete. Under its terms, the MCS-90 simply requires an insurance company to pay "any final judgment

recovered against the insured for public liability resulting from negligence in the operation ... of motor vehicles subject to the financial responsibility provisions of [the Motor Carrier Act]." The Munroes attempt to escape the impossibility of a triggering final judgment in this case by arguing that the MCS-90 requirements are relevant because they set the minimum insurance amounts, and that we should effectively amend the policy to provide that amount. But this is not how the MCS-90 works. The insurer guarantees payment of a final judgment against the insured, but "all terms, conditions and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company." ... Rather than modify the policy to which it is attached, the MCS-90 creates a suretyship among the injured public, the insured, and the insurer, under which the insurer agrees to guarantee a minimum payment to the injured public, regardless of whether the injury would, in fact, be covered by the policy. Under this suretyship, the insurer is only obliged to pay what the insured actually owes, *and then only if that debt arises from a final judgment.* ... Because of this, when an injured claimant releases a motor carrier from liability beyond the coverage limits of its insurance policy, there can be no liability that the insurer is responsible for under the MCS-90. This is true regardless of whether the settlement amount is greater or less than the liability limits mandated by the MCS-90. *The MCS-90 guarantees payment of a final judgment up to a certain amount; it does not guarantee a minimum settlement amount.*

*Id.* at 327-38 (internal citations omitted, emphasis added). In the conclusion of the decision, wherein the holding is summarized, the *Munroe* Court again stated that the determination regarding whether a "final judgment" existed in that case was the reason why a key issue had been decided in that case. *Id.* at 328. ("Further, the MCS-90 endorsement does not affect Auto-Owners' liability because it applies only if triggered by an unpaid final judgment against Wilkens. Therefore, we AFFIRM the judgment of the district court.")

In this case, it is clear that the MCS-90 reimbursement issue was never triggered, because there was no final judgment. Occidental cannot invoke the MCS-90's terms requiring reimbursement of payments made pursuant to final judgments for reimbursement of settlements Occidental entered into. "The MCS-90 guarantees payment of a final judgment up to a certain amount; it does not guarantee a minimum settlement amount." Id. at 338.

It is undisputed that the payments Defendant made in this case were not the result of any final judgment. (SOUF, at ¶¶20, 25, 30). This has been clearly established by Defendant's responses to Plaintiff's Requests to Admit. Defendant seeks reimbursement of amounts that were paid as a result of a settlement reached by Defendant. (SOUF, at ¶¶19, 24, 29). There is no provision in the MCS-90 that provides that Occidental is entitled to reimbursement of settlements: only final judgments.

IV. **Extrajurisdictional Authority Contrary to *Munroe* is Unavailing.**

It is anticipated that Occidental will invite this Court to consider the decision of the Fifth Circuit in *T.H.E. Ins. Co. v. Larsen Intermodal Services, Inc.*, 242 F. 3d 667 (5th Cir. 2001). Thus far in the litigation, Defendant's position has been that it should be allowed to prove up the facts of the underlying cases to show that a final judgment *would have been* entered against West Wind in the underlying cases, and that a settlement reached to avoid a "final judgment" somehow becomes the very thing it sought to avoid. This position is directly contrary to recent authority binding on this Court. Factual considerations related to whether the insured would have lost the underlying case are not relevant in determining whether a settlement is a "final judgment" under *Munroe*. The law of this land is clear: "final judgment" means just that: a final judgment. Settlements entered to avoid final judgments do not magically become final judgments.

Even a cursory review of *T.H.E. Ins. Co. v. Larsen Intermodal Services, Inc.*, 242 F. 3d 667 (5th Cir. 2001) shows that decision to be irreconcilably at odds with the Seventh Circuit's decision in *Munroe*. However, it is not necessary to consider *Larsen Intermodal* at any length. There has been no change in the law on this issue since July 22, 2010, (when *Munroe* was decided) and the present that would indicate the Seventh Circuit would not decide the issue the same today as it did less than one year ago, or that the Fifth District's interpretation of "final

judgment" as including "settlements entered into to avoid final judgments" is somehow more persuasive than the Seventh Circuit's holding that "final judgment" means "final judgment." This Court should follow the decision of the Seventh Circuit's in *Munroe*. Defendant's anticipated invitation for this Court to consider the discrepant approaches between the Fifth and Seventh Circuits must necessarily fall on deaf ears here: only the Seventh Circuit or Supreme Court of the United States can resolve that claim in favor of Defendant, and only then by reversing *Munroe*.

V.      **Conclusion**

The issues pertaining to Count I are clear. Plaintiff is obligated, under the terms of the written insurance policy between Defendant and Plaintiff, to repay "final judgments" that would not have been paid but for the existence of the MCS 90 endorsement. The MCS 90 endorsement itself only obligates Defendant to pay "final judgments" where coverage has been denied. Defendant is not entitled to reimbursements for settlements Defendant entered into under the guise of a contractual obligation to repay certain "final judgments."

WHEREFORE, the Plaintiff, West Wind Express, seeks a declaration that there is coverage for the events described above under the Policy, and that it is not obligated to repay any sums whatsoever to Defendant, Occidental Fire & Casualty Company of North Carolina as a result of the events described in Paragraph 14. and for all other relief that this Court deems just, equitable and proper.

Respectfully submitted by:

/s/Christopher D. Willis

Christopher D. Willis, attorney for
plaintiff, West Wind Express

BUSSE, BUSSE, & GRASSÉ, P.C.
20 N. Wacker Drive
Suite 1860
Chicago, Illinois 60606
(312)750-1212
FAX(312)750-1211
ARDC No.: 6244518