# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| WEST WIND EXPRESS, an Illinois Corporation | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) No. 10 CV 06263 |
| v. | )<br>) |
| OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, a North Carolina Corporation | )<br>)<br>)<br>)<br>) |
| Defendant. | ) |

## RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Now comes defendant, Occidental Fire & Casualty Company of North Carolina (Occidental), by its attorneys, Feiereisel & Kasbohm, LLC, and as its response to plaintiff's motion for summary judgment states as follows:

## INTRODUCTION

As this Court is well aware, over Occidental's objection, discovery in this case was divided into two phases with Phase I discovery directed to Count I of plaintiff's complaint. In Count I, plaintiff seeks a declaratory judgment regarding the interpretation of the MCS 90 endorsement which was a part of a commercial automobile insurance policy issued to plaintiff by Occidental, which policy was in effect on the date of a motor vehicle collision that occurred on December 23, 2005. The motor vehicle collision in question involved a semi tractor trailer displaying West Wind express placards and operating authority numbers and which was being driven by Josef Bohm and a tanker truck owned by Quick Fleet Fuel Services which was being driven by Erin Mack. (Defendant's Statement of Additional Facts (SOAF), par. 1) The accident occurred in Oklahoma City, Oklahoma and resulted in several claims being made against West Wind Express and Josef Bohm. (Defendant's SOAF, par. 8) There were three claims that were resolved prior to trial for a total of $122, 534.34 and it is Occidental's position that the claims were paid pursuant to the terms of the MCS 90 endorsement because there was no coverage afforded to the truck

Josef Bohm was driving for West Wind Express. (Defendant's SOAF, par. 10) After the claims were resolved, Occidental, pursuant to the terms of the MCS 90 endorsement, attempted to collect those amounts paid to resolve the claims from West Wind Express. (Defendant's SOAF, par. 11)

It is plaintiff's position that Occidental the terms of the MCS 90 endorsement do not allow West Wind to seek reimbursement from its insured for the amounts paid by Occidental to resolve those claims and it is Occidental's position that the terms of the MCS 90 endorsement allow it to seek reimbursement for those amounts paid to resolve the claims that arose from that motor vehicle collision. In summary, that is the issue for this Court to resolve in Count I of plaintiff's complaint.

## ARGUMENT

The MCS 90 endorsement which was a part of the commercial automobile insurance policy Occidental had issued to West Wind Express and which was in effect at the time of this accident provided in relevant part the following:

> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo. It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured. However, all terms, conditions and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company. **The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.** (emphasis added)

Generally, an MCS-90 endorsement on a trucking company's commercial automobile liability insurance policy is required by the Federal Motor Carrier Safety Act and the endorsement serves as a type of surety for the safety of the public such that even if a trucking company is not entitled to liability coverage due to an exception or exclusion in the policy, an injured member of the public may still recover

under the MCS-90 endorsement. *See generally, Canal Ins. Co. v. First General Ins. Co.,* 889 F. 2d 604, 610 (5th Cir. 1989). Pursuant to the terms of the MCS 90 endorsement referenced above, the insurance carrier has the right to seek reimbursement for any amounts paid pursuant to the MCS-90 endorsement from the insured.

The gist of the argument being made by plaintiff in this case is that the claims which arose out of the December 23, 2005 accident described above were settled and resolved before trial and that, therefore, Occidental was never required to pay any "final judgment" entered against West Wind Express. Plaintiff further argues that since Occidental was never required to pay any "final judgment" against West Wind Express, Occidental is not entitled to seek reimbursement for any amounts paid by Occidental to resolve those claims. What plaintiff ignores, however, is the language in the MCS 90 endorsement which provides that **"(t)he insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement."**

The Occidental insurance policy in question only provided insurance coverage to vehicles owned by West Wind Express and used in the course of plaintiff's business. The truck being driven by Josef Bohm at the time of the accident in question was not owned by West Wind Express and, therefore, the Occidental insurance policy provided no insurance coverage to West Wind Express or Josef Bohm for this accident. (Defendant's SOAF, par. 2) Because the truck being driven by Josef Bohm displayed West Wind Express placards and West Wind Express operating authority numbers, the MCS 90 endorsement was triggered and that fact was explained to West Wind Express in three letters sent to plaintiff dated January 4, 2006; February 1, 2006; June 5, 2007; December 12, 2008 (Affidavit of Julie Lindemann, par. 7, Exhibit 1 to Defendant's SOAF and Group Exhibit A to affidavit of Julie Lindemann)

In those letters, plaintiff was advised as to Occidental's coverage position. i.e. that the truck being driven by Bohm was not a vehicle owned by West Wind Express and that, as a result, the policy afforded no insurance coverage to West Wind Express or Bohm for that accident. The letters further discussed the

applicability of the MCS 90 endorsement and specifically, the June 5, 2007 letter stated as follows:

> Please note the company has no duty to make any payments unless or until there is a final judgment. *However, it could be prudent to resolve certain claims prior to final judgment, thus saving money on the total settlement amounts and the expenses incurred. As such, we are going to attempt to resolve the claim and lawsuit currently being presented by Quick Fleet Fuel Services, LLC.*
>
> *Per the language of the MCS 90 endorsement we will be seeking reimbursement from you for any money paid as a result of the accident.* This will include any money paid to plaintiffs as well as any expenses incurred. (emphasis added) (Defendant's SOAF, par. 2, 3, 4, 5)

Of significance is the fact that West Wind Express never voiced an objection to Occidental proceeding in the manner described in that June 5, 2007 letter and, specifically, never objected to Occidental settling the claims referenced above prior to trial until after the claims had been resolved and paid by Occidental – not until Occidental attempted to seek reimbursement and this lawsuit was filed. (Defendant's SOAF, par. 6)

Whether an MCS-90 endorsement allows an insured to seek reimbursement from its insured for claims that are settled which fall within the terms of an MCS-90 endorsement as opposed to only those claims which are reduced to final judgment have been addressed by several United States Circuit Courts of Appeals or Federal District courts and there is a split of authority on that issue.

In support of its position, Occidental relies on the plain and unambiguous language in the endorsement ("(t)he insured agrees to reimburse the company for *any payment* made by the company...) and the Fifth Circuit Court of Appeals case of *THE Insurance Company v. Larsen Intermodal Services*, 242 F. 3d 667 (2001). In that case, THE defended Larsen Intermodal against the claims of several plaintiffs who were injured in an accident involving a tractor leased to Larsen Intermodal which was driven by one of Larsen's drivers. THE determined the tractor was not covered under the commercial liability insurance policy it issued to Larsen but, as in the instant case, settled the various claims pursuant to the MCS-90 endorsement of that policy. As in the instant case, the MCS-90 endorsement gave THE the right to seek reimbursement from Larsen for any sums paid solely by the reason of the MCS 90 endorsement.

The district court in that case held that THE waived its right to seek reimbursement for the amounts paid by settlement but the Fifth Circuit Court of Appeals reversed that ruling. In reversing the

district court's decision that THE had waived its right for reimbursement, the Fifth Circuit Court of Appeals rejected Larsen Intermodal's argument that THE should not be allowed to seek reimbursement for amounts THE paid to settle the claims because the MCS-90 endorsement only requires an insured to pay a final judgment in favor of an injured plaintiff, not settlement amounts. In citing to an earlier opinion it had rendered, *Canal Insurance Company v. First General Insurance Company*, 889 F. 2d 604 (1989), *modified on other grounds*, 901 F. 2d 45(1990) the Fifth Circuit Court of Appeals stated that:

> "if the insurer must pay a final judgment under the MCS-90, there is no reason why it could not seek a favorable settlement rather than risk litigating to a final judgment that could be more onerous. In *Canal v. First General*, we held that an insurer who paid a settlement because of the requirements of the MCS-90 was entitled to reimbursement from the insurer who wrongfully denied coverage to the insured...moreover, we note that the reimbursement provision of the MCS-90 permits the insured to recover "any payment," not just final judgments, that the insurer would not have been obligated to pay except for the agreement contained in the MCS-90." *Id.* at 242 F. 3d 676.

A similar result was reached in the case of *Real Legacy v. Santori Trucking*, 560 F. Supp. 2d 143 (D. Puerto Rico, 2008). In that case, Real Legacy has issued a commercial automobile insurance policy to Santori Trucking, which policy included an MCS 90 endorsement. A Santori truck was subsequently involved in an accident when it overturned and spilled 8,000 gallons of fuel onto adjacent land owned by the Conservation Trust of Puerto Rico. Due to a pollution exclusion contained in Real Legacy's policy, coverage was denied for the accident but Real Legacy, pursuant to the policy's MCS 90 endorsement, paid various fines, paid various suppliers and environmental cleanup companies to clean, remove, and remediate the spill and also settled a claim made by the Conservation Trust of Puerto Rico which agreement and payments settled all claims made against Santori.

Real Legacy then, pursuant to the terms of the MCS 90 endorsement, sought reimbursement from Santori for the amounts it paid to resolve the claims. In granting Royal Legacy's motion for summary judgment, the District Court for the District of Puerto Rico held that:

> ..Royal has the right to seek reimbursement from Santori for any costs incurred pursuant to the MCS 90 endorsement and federal case law support the court's holding.
>
> The plain, unambiguous language of the MCS 90 endorsement recognizes the insurer's right of reimbursement. The endorsement states, in pertinent part, "the insured agrees to reimburse the company...for any payment the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this

endorsement." 49 C.F.R. Sec 387.15 (Illustration I); *see also See Canal Ins. Co. v. Distribution Servs., Inc.,* 176 F. Supp. 2d 559, 565 (E.D. Va. 2001) ("(The insured's) reimbursement obligation is...consistent with...the language...of the MCS 90 endorsement.") The endorsement also states, "(A)ll terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the (insurer)." 49 C.F.R. Sec. 387.15 (Illustration I). Pursuant to this language, the MCS 90 endorsement does not otherwise alter the limits or exclusions of the underlying insurance contract. Santori's interpretation of the endorsement would require the court to ignore its unambiguous language and clear mandates. In recognizing Royal's right to reimbursement, the court is merely enforcing the endorsement's explicit terms. *Real Legacy,* 560 F. Supp. 2d at146

*See also, Harco National Ins. Co. v. Bobac,* 107 F. 3d 733 (9th Cir. 1997) (Although the main issue on appeal was whether the MCS 90 endorsement creates a duty to defend, the district court decision enforcing the reimbursement provision of the MCS 90 endorsement was affirmed on appeal in a case which was settled and did not proceed to final judgment. The terms of the (MCS 90) endorsement required Bobac to reimburse Harco "for any payment that the company would not have been obligated to make under the provisions of the underlying policy except for the agreement contained in the endorsement." Harco sought reimbursement for the amount ($225,000) it contributed to the settlement amount. 107 F. 3d at 735, 737)

In support of its position, plaintiff relies on the Seventh Circuit case of *Auto Owners Insurance Company v. Munroe,* 614 F.3d 322 (2010). In that case, the Munroes entered into a settlement agreement that released those who allegedly caused a severe tractor/trailer accident from any liability above the liability insurance coverage the defendants had through Auto Owners after which Auto Owners brought a declaratory judgment to establish that the insurance policy limited coverage to one million dollars. The district court agreed with Auto Owners and granted its motion for summary judgment and the Munroes appealed arguing that the coverage limit was higher either under the terms of the policy or under the minimum limits required by the Federal Motor Carrier Act. The Munroes' claims were settled with the trucking company and its drivers for an amount just over $900,000.00 with the remainder of $1,000,000.00 policy limit being paid on a property damage claim. The Munroes then argued that because there were multiple insurance policies and multiple trucks involved in the accident there were separate occurrences which increased the liability limits.

The main issue in the case was whether there was more than one occurrence as that term was used in the insurance policies in question. In deciding the case, the Seventh Circuit Court of Appeals discussed the issue of whether multiple insurance policies, each with an MCS-90 endorsement, could have MCS-90 endorsement limits stacked in this situation. In declining to answer that question, Seventh Circuit determined that the MCS-90 endorsement was inapplicable because "there is no final judgment in this case, so Auto Owners payment obligation under the MCS-90 has not been triggered." Whether that determination by the Seventh Circuit Court of Appeals is an actual holding or *dicta* is open to debate. The central issue in the case was whether the fact that there were multiple trucks from the same trucking company involved in the accident at issue there resulted in there being more than one "occurrence" for purpose of determining the amount of insurance coverage available to the injured parties.

The insurance carrier in that case was not seeking reimbursement from its insured for amounts paid by way of settlement or final judgment; rather, one argument being made by the injured parties was that since more than one truck from the same company was involved that more than one MCS 90 limit of liability should also apply. It was within that factual setting that the Seventh Circuit Court of Appeals stated that the MCS 90 endorsement did not apply because there had been no final judgment.

Occidental respectfully states that whether the Seventh Circuit Court of Appeals would rule that an insurer's right to reimbursement pursuant to an MCS 90 endorsement would not apply under the particular facts of this case is an open question.

In the instant case, this court is confronted with the situation where there are multiple claims made against West Wind Express as the result of an accident in which a West Wind Express truck, for an unknown reason, rear ended another truck on an interstate highway causing property damage to the claimant truck, injury to its driver and minor property damage to State of Oklahoma property. The case was evaluated as a liability case against West Wind and its driver ((Defendant's SOAF, par. 8) and forcing the lawsuits filed to trial would have been an exercise in futility. In the face of those facts, Occidental advised plaintiff that although there was no insurance coverage available to West Wind Express or its driver for the accident it would attempt to resolve the claims and would seek reimbursement

for any amounts paid pursuant to the terms of the MCS 90 endorsement. (Defendant's SOAF, par. 5) Plaintiff did not contest the coverage position and voiced no objection to Occidental resolving the claims until after the claims were resolved and after Occidental attempted to seek reimbursement for those payments. (Defendant's SOAF, par. 6, 11) As indicated above, the total payments made in resolving the claims were $122,534.34 and the total of the initial settlement demands was $210,976.18. (Defendant's SOAF, par. 10) It is ironic that Occidental, in attempting to limit the exposure and damage to which its insured was facing, is now facing a lawsuit with the argument being made that Occidental has somehow acted improperly. Based on the foregoing, Occidental, in good faith, questions whether the Seventh Circuit Court of Appeals would rule against Occidental's right to seek reimbursement under the facts of this case. Occidental urges this court to follow the holding in *THE Insurance Company v. Larsen Intermodal Services, supra,* and *Real Legacy v. Santori Trucking, supra,* cases and deny plaintiff's motion for summary judgment as to Count I.

WHEREFORE, Occidental Fire and Casualty Insurance Company of North Carolina respectfully requests that this court deny plaintiff's motion for summary judgment and for other or further relief as this court deems just and appropriate under the circumstances presented.

Respectfully submitted,

/s/ Gary M. Feiereisel
Attorney for Defendant, Occidental Fire and
Casualty Company of North Carolina

FEIEREISEL & KASBOHM, LLC
19 S. LaSalle Street, Suite 702
Chicago, Illinois 60603
(312) 782-9255
(312) 782-4537 fax