# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| WEST WIND EXPRESS, an Illinois Corporation, <br><br> Plaintiff, <br><br> v. <br><br> OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, a North Carolina Corporation <br><br> Defendant. | No. 10 CV 06263 |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS

Now comes defendant, Occidental Fire & Casualty Company of North Carolina (Occidental), by its attorneys, Feiereisel & Kasbohm, LLC, and as its response to plaintiff's statement of uncontested material facts states as follows:

1. Occidental admits that plaintiff is an Illinois corporation engaged in interstate trucking with its principal place of business in Chicago, Illinois.

2. Occidental admits that it is a North Carolina corporation with its principal place of business in Raleigh, North Carolina and that it issues, among other things, policies to companies involved in interstate trucking.

3. Occidental admits that Count I involves, in part, the interpretation of certain federal statutes and regulations.

4. Occidental admits that this court has original jurisdiction over Count I.

5. Occidental admits that plaintiff is an Illinois citizen.

6. Occidental admits that its principal place of business is in North Carolina.

7. Occidental admits that the matter in controversy exceeds $75,000.00 exclusive of interest and costs.

8. Occidental admits that venue is proper in this court.

9. Occidental admits that it is subject to personal jurisdiction in the District Court for the Northern District of Illinois, Eastern Division.

10. Occidental admits that it is subject to personal jurisdiction in the District Court for the Northern District of Illinois, Eastern Division.

11. Occidental admits that it issued policy of insurance CT 00014823 to West Wind Express.

12. Occidental admits that said insurance policy contained what is being referred to as an MCS 90 endorsement.

13. Occidental admits that the language contained I a portion of the MCS 90 endorsement is set forth in paragraph 13.

14. Occidental admits that following the accident I question, the three lawsuits referenced in paragraph 14 were filed against West Wind Express.

15. Occidental admits that it denied coverage to West Wind Express for the claims arising from the referenced accident.

16. Occidental admits that it paid $100,000 to Quick Fuel Fleet Services, LLC, regarding the incident alleged in the case entitled <u>Quick Fuel Fleet Services, LLC v. Josef Bohm and West Wind Express</u>, United States District Court, Northern District of Illinois, Case No. 07-C-1424. Further responding, Occidental states that its payment of $100,000 to Quick Fuel Fleet Services, LLC, was made pursuant to the terms and conditions of the MCS 90 endorsement contained in the insurance policy referenced in item 11 above. (See Exhibit III, par. 2 to plaintiff's statement of facts).

17. Occidental admits that it's payment of $100,000 to Quick Fuel Fleet Services, LLC, regarding the incident alleged in the case entitled <u>Quick Fuel Fleet Services, LLC v. Josef Bohm and West Wind Express</u>, United States District Court, Northern District of Illinois, Case No. 07-C-1424, was not paid pursuant to any court order entered in that case. Further responding, Occidental states that its payment of $100,000 to Quick Fuel Fleet Services, LLC, was made pursuant to the terms and conditions of the MCS 90 endorsement

contained in the insurance policy referenced in item 11 above. (See Exhibit III, par. 3 to plaintiff's statement of facts).

18. Occidental admits that it's payment of $100,000 to Quick Fuel Fleet Services, LLC, regarding the incident alleged in the case entitled <u>Quick Fuel Fleet Services, LLC v. Josef Bohm and West Wind Express</u>, United States District Court, Northern District of Illinois, Case No. 07-C-1424, was not paid pursuant to a verdict entered in that case. Further responding, Occidental states that its payment of $100,000 to Quick Fuel Fleet Services, LLC, was made pursuant to the terms and conditions of the MCS 90 endorsement contained in the insurance policy referenced in item 11 above. (See Exhibit III, par. 4 to plaintiff's statement of facts).

19. Occidental admits that it's payment of $100,000 to Quick Fuel Fleet Services, LLC, regarding the incident alleged in the case entitled <u>Quick Fuel Fleet Services, LLC v. Josef Bohm and West Wind Express</u>, United States District Court, Northern District of Illinois, Case No. 07-C-1424, was made pursuant to a settlement reached in that case between Occidental, by and on behalf of West Wind Express, and Quick Fuel Fleet Services, LLC. Further responding, Occidental states that its payment of $100,000 to Quick Fuel Fleet Services, LLC, was made pursuant to the terms and conditions of the MCS 90 endorsement contained in the insurance policy referenced in item 11 above. (See Exhibit III, par. 5 to plaintiff's statement of facts).

20. Occidental admits that it's payment of $100,000 to Quick Fuel Fleet Services, LLC, regarding the incident alleged in the case entitled <u>Quick Fuel Fleet Services, LLC v. Josef Bohm and West Wind Express</u>, United States District Court, Northern District of Illinois, Case No. 07-C-1424, was not a result of a final judgment against West Wind Express in that case. Further responding, Occidental states that its payment of $100,000 to Quick Fuel Fleet Services, LLC, was made pursuant to the terms and conditions of the MCS 90 endorsement contained in the insurance policy referenced in item 11 above. (See Exhibit

III, par. 6 to plaintiff's statement of facts).

21. Occidental admits that it paid $22,000 in total payments to Erin Mack and Federated Mutual Insurance Company regarding the incident alleged in the case entitled <u>Erin Mack v. Josef Bohm, West Wind Express, et. al.</u>, District Court of Oklahoma County, Oklahoma, Case No. CJ-2007-10919. Further responding, Occidental states that its payment of $22,000 to Erin Mack and Federated Mutual Insurance Company was made pursuant to the terms and conditions of the MCS 90 endorsement contained in the insurance policy referenced in item 11 above. (See Exhibit III, par. 7 to plaintiff's statement of facts).

22. Occidental admits that the $22,000 in total payments to Erin Mack and Federated Mutual Insurance Company regarding the incident alleged in the case entitled <u>Erin Mack v. Josef Bohm, West Wind Express, et. al.</u>, District Court of Oklahoma County, Oklahoma, Case No. CJ-2007-10919 was not required by any court order entered in that case. Further responding, Occidental states that its payment of $22,000 to Erin Mack and Federated Mutual Insurance Company was made pursuant to the terms and conditions of the MCS 90 endorsement contained in the insurance policy referenced in item 11 above. (See Exhibit III, par. 8 to plaintiff's statement of facts).

23. Occidental admits that the $22,000 in total payments to Erin Mack and Federated Mutual Insurance Company regarding the incident alleged in the case entitled <u>Erin Mack v. Josef Bohm, West Wind Express, et. al.</u>, District Court of Oklahoma County, Oklahoma, Case No. CJ-2007-10919 was not required by a verdict entered in that case. Further responding, Occidental states that its payment of $22,000 to Erin Mack and Federated Mutual Insurance Company was made pursuant to the terms and conditions of the MCS 90 endorsement contained in the insurance policy referenced in item 11 above. (See Exhibit III, par. 9 to plaintiff's statement of facts).

24. Occidental admits that it's payment of $22,000 to Erin Mack and Federated Mutual Insurance Company regarding the incident alleged in the case entitled <u>Erin Mack v. Josef</u>

Bohm, West Wind Express, et. al., District Court of Oklahoma County, Oklahoma, Case No. CJ-2007-10919, was made pursuant to a settlement reached in that case between Occidental, by and on behalf of West Wind Express, and Erin Mack and Federated Mutual Insurance Company on the eve of the trial of that case. Further responding, Occidental states that its payment of $22,000 to Erin Mack and Federated Mutual Insurance Company was made pursuant to the terms and conditions of the MCS 90 endorsement contained in the insurance policy referenced in item 11 above. (See Exhibit III, par. 10 to plaintiff's statement of facts).

25. Occidental admits that it's payment of $22,000 to Erin Mack and Federated Mutual Insurance Company regarding the incident alleged in the case entitled Erin Mack v. Josef Bohm, West Wind Express, et. al., District Court of Oklahoma County, Oklahoma, Case No. CJ-2007-10919, was not a result of a final judgment against West Wind Express in that case. Further responding, Occidental states that its payment of $22,000 to Erin Mack and Federated Mutual Insurance Company was made pursuant to the terms and conditions of the MCS 90 endorsement contained in the insurance policy referenced in item 11 above. (See Exhibit III, par. 11 to plaintiff's statement of facts).

26. Occidental admits that it paid $524.34 to the Oklahoma Department of Transportation regarding the incident alleged in the case entitled State of Oklahoma, et al v., West Wind Express, District Court of Oklahoma County, Oklahoma, Small Claims No. 2007-24454. Further responding, Occidental states that its payment of $524.34 to the Oklahoma Department of Transportation was made pursuant to the terms and conditions of the MCS 90 endorsement contained in the insurance policy referenced in item 11 above. (See Exhibit III, par. 12 to plaintiff's statement of facts).

27. Occidental admits that its payment of $524.34 to the Oklahoma Department of Transportation regarding the incident alleged in the case entitled State of Oklahoma, et al v., West Wind Express, District Court of Oklahoma County, Oklahoma, Small Claims No.

2007-24454, was not required by any court order entered in that case. Further responding, Occidental states that its payment of $524.34 to the Oklahoma Department of Transportation was made pursuant to the terms and conditions of the MCS 90 endorsement contained in the insurance policy referenced in item 11 above. (See Exhibit III, par. 13 to plaintiff's statement of facts).

28. Occidental admits that its payment of $524.34 to the Oklahoma Department of Transportation regarding the incident alleged in the case entitled State of Oklahoma, et al v., West Wind Express, District Court of Oklahoma County, Oklahoma, Small Claims No. 2007-24454, was not required by a verdict entered in that case. Further responding, Occidental states that its payment of $524.34 to the Oklahoma Department of Transportation was made pursuant to the terms and conditions of the MCS 90 endorsement contained in the insurance policy referenced in item 11 above. (See Exhibit III, par. 14 to plaintiff's statement of facts).

29. Occidental admits that its payment of $524.34 to the Oklahoma Department of Transportation regarding the incident alleged in the case entitled State of Oklahoma, et al v., West Wind Express, District Court of Oklahoma County, Oklahoma, Small Claims No. 2007-24454, was made pursuant to a settlement reached in that case between Occidental, by and on behalf of West Wind Express, and the Oklahoma Department of Transportation. Further responding, Occidental states that its payment of $524.34 to the Oklahoma Department of Transportation was made pursuant to the terms and conditions of the MCS 90 endorsement contained in the insurance policy referenced in item 11 above. (See Exhibit III, par. 15 to plaintiff's statement of facts).

30. 30. Occidental admits that its payment of $524.34 to the Oklahoma Department of Transportation regarding the incident alleged in the case entitled State of Oklahoma, et al v., West Wind Express, District Court of Oklahoma County, Oklahoma, Small Claims No. 2007-24454, was not a result of a final judgment entered in that case. Further responding,

Occidental states that its payment of $524.34 to the Oklahoma Department of Transportation was made pursuant to the terms and conditions of the MCS 90 endorsement contained in the insurance policy referenced in item 11 above. (See Exhibit III, par. 16 to plaintiff's statement of facts).

31. Occidental admits that it has sought reimbursement from West Wind Express for amounts totaling $122,524.34 which amounts Occidental has paid on behalf of plaintiff pursuant to the terms and conditions of the MCS 90 endorsement in question. (See, Document 17, Answer, par. 21-22).

32. Occidental admits that it has sought reimbursement from West Wind Express for amounts totaling $122,524.34 which amounts Occidental has paid on behalf of plaintiff pursuant to the terms and conditions of the MCS 90 endorsement in question and that it contends it is entitled to that reimbursement pursuant to the terms of the MCS 90 endorsement. (See, Document 17, Answer, par. 21-22).

33. Occidental admits that it has sought reimbursement from West Wind Express for amounts totaling $122,524.34 which amounts Occidental has paid on behalf of plaintiff pursuant to the terms and conditions of the MCS 90 endorsement in question and that it contends it is entitled to that reimbursement pursuant to the terms of the MCS 90 endorsement. (See, Document 17, Answer, par. 21-22).

Respectfully submitted,

/s/ Gary M. Feiereisel
Attorney for Defendant, Occidental Fire and
Casualty Company of North Carolina

FEIEREISEL & KASBOHM, LLC
19 S. LaSalle Street, Suite 702
Chicago, Illinois 60603
(312) 782-9255
(312) 782-4537 fax