# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| WEST WIND EXPRESS, an Illinois Corporation | ) ) ) | |
| Plaintiff, | ) ) | No. 10 CV 06263 |
| v. | ) ) | |
| OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, a North Carolina Corporation | ) ) ) ) | |
| Defendant . | ) ) | |

## DEFENDANT'S STATEMENT OF ADDITIONAL FACTS

Now comes defendant, Occidental Fire & Casualty Company of North Carolina (Occidental), by its attorneys, Feiereisel & Kasbohm, LLC, and, pursuant to Local Rule 56.1(b)(3)(C), states the following as its statement of additional facts in support of its response to plaintiff's motion for summary judgment:

1. The motor vehicle accident that occurred on December 23, 2005, was between a truck with West Wind Express placards and West Wind Express operating authority numbers displayed on it which was being driven by Josef Bohm and a Quick Fuel Fleet Services truck driven by Erin Mack. (Affidavit of Julie Lindemann, par. 3, 5, attached as Exhibit 1)

2. The February 1, 2006 letter plaintiff received from Criterion Claim Solutions denied that there was coverage under its policy for West Wind Express or Josef Bohm because the truck being driven by Bohm was not an "owned auto" as that term was used in the Occidental insurance policy in question. (Plaintiff's response to request for admission, par. 2 attached as Exhibit 2; Affidavit of Julie Lindemann, par. 5, attached as Exhibit 1, 2/1/2005 letter included in Group Exhibit A to Ex 1.)

3. The February 1, 2006 letter also advised West Wind Express of the applicability of the MCS 90 endorsement to the December 23, 2005 motor vehicle accident. (Affidavit of Julie Lindemann attached as Exhibit 1, 2/1/2005 letter included in Group Exhibit A to Ex 1.)

4. The June 5, 2007 letter plaintiff received from Criterion Claim Solutions reiterated the denial of insurance coverage under its policy for West Wind Express or Josef Bohm and reiterated the applicability of the MCS 90 endorsement to the December 23, 2005 motor vehicle accident. (Plaintiff's response to request for admission, par. 3 attached as Exhibit 2; Affidavit of Julie Lindemann attached as Exhibit 1, 6/5/2007 letter included in Group Exhibit A to Ex 1.)

5. The June 5, 2007 letter also advised West Wind Express as follows

Please note the company has no duty to make any payments unless or until there is a final judgment. However, it could be prudent to resolve certain claims prior to final judgment, thus saving money on the total settlement amounts and the expenses incurred. As such, we are going to attempt to resolve the claim and lawsuit currently being presented by Quick Fleet Fuel Services, LLC.

Per the language of the MCS 90 endorsement we will be seeking reimbursement from you for any money paid as a result of the accident. This will include any money paid to plaintiffs as well as any expenses incurred.
(Affidavit of Julie Lindemann attached as Exhibit 1, 6/5/2007 letter included in Group Exhibit A to Ex 1.)

6. At no time prior to Occidental resolving the claims made against West Wind Express as a result of the December 23, 2005 motor vehicle accident did West Wind Express disagree with the position outlined in that letter and never objected to the handling of the claims in the manner described. (Affidavit of Julie Lindemann, par. 7, attached as Exhibit 1)

7. The Occidental claim file reflects that once this claim was reported to Occidental, it was determined that the truck displaying West Wind Express placards and operating authority numbers was not a truck owned by West Wind Express and, therefore, was afforded no coverage pursuant to that policy of insurance as the policy in question only insured trucks owned by West Wind Express and used in its business. (Affidavit of Julie Lindemann, par. 5, attached as Exhibit 1)

8. The claim further reflects, based on the facts of how this accident occurred, which facts were obtained through investigation and discovery, that if the cases filed against West Wind Express and its driver were to have proceeded to trial, final judgments would have

been entered against West Wind Express and its driver. Specifically, the claim file reflects that, for an unknown reason, the West Wind Express truck being driven by Josef Bohm rear ended the Quick Fleet Fuel Services truck being driven by Erin Mack while both trucks proceeded on interstate 40 in Oklahoma City, Oklahoma. (Affidavit of Julie Lindemann, par. 8, attached as Exhibit 1)

9.    In an effort to limit the exposure of and amount of damages assessed against West Wind Express and its driver from these claims, Occidental resolved all claims arising from this motor vehicle accident and paid those claims pursuant to the MCS 90 endorsement which formed a part of the commercial trucking insurance policy at issue in this case. (Affidavit of Julie Lindemann, par. 9, attached as Exhibit 1)

10.    The claims were resolved were resolved for a total of $122,524.34. The claims included a property damage claim made by Quick Fleet Fuel Services for damage to its truck for which the initial demand was $122,441.84 and which was resolved for $100,000.00; an injury claim filed by Quick Fleet Fuel Services' driver, Erin Mack, which was resolved for $22,000.00 for which the initial demand was $85,000 and a small claims property damage claim made by the State of Oklahoma which was resolved for $524.34. (Affidavit of Julie Lindemann, par. 10, attached as Exhibit 1)

11.    Subsequent to those claims being resolved and pursuant to the terms of the MCS 90 endorsement, Occidental has attempted to seek reimbursement for the amounts paid to resolve the claims from West Wind Express and this lawsuit was filed after Occidental attempted to seek reimbursement from West Wind Express. (Affidavit of Julie Lindemann, par. 11, attached as Exhibit 1)

Respectfully submitted,

/s/ Gary M. Feiereisel
Attorney for Defendant, Occidental Fire and
Casualty Company of North Carolina

FEIEREISEL & KASBOHM, LLC
19 S. LaSalle Street, Suite 702
Chicago, Illinois 60603

(312) 782-9255
(312) 782-4537 fax

# EXHIBIT 1 TO DEFENDANT'S STATEMENT OF ADDITIONAL FACTS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| WEST WIND EXPRESS, an Illinois Corporation | ) ) ) | |
|     Plaintiff, | ) ) ) | No. 10 CV 06263 |
|     v. | ) ) | |
| OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, a North Carolina Corporation | ) ) ) ) | |
|     Defendant . | ) ) | |

## AFFIDAVIT OF JULIE LINDEMANN

Julie Lindemann, being first duly sworn on oath, states as follows:

1. I am a senior litigation examiner for Occidental Fire & Casualty Company of North Carolina (Occidental) and, in that capacity, I have personal knowledge of the statements made in this affidavit.

2. Occidental maintains a claim file for all claims made against its insureds in the ordinary course of its business and maintains those claim files as its business records. The records are kept in the ordinary course of Occidental's business and it is the regular practice of Occidental's business to make and maintain claim files for claims made against companies Occidental insures.

3. I have knowledge of the claim file maintained by Occidental with respect to a motor vehicle accident that occurred on December 23, 2005, between a truck with West Wind Express placards and West Wind Express operating authority numbers displayed on it which was being driven by Josef Bohm and a Quick Fuel Fleet Services truck driven by Erin Mack. The business records in the Occidental claim file include documents relating to the accident facts; reports from defense counsel retained by Occidental to defend its insured, West Wind Express and its driver, Josef Bohm; pleadings from the lawsuits filed against and claims made against West Wind Express and its driver, Josef Bohm; letters sent on behalf of Occidental to West Wind Express regarding Occidental's coverage position and the handling of these claims; and documents relating to the amounts paid by Occidental to resolve those claims.

4. At the time of the accident in question, Occidental insured West Wind Express pursuant to a commercial automobile policy which provided insurance coverage to West Wind Express per the terms and conditions contained in that policy, policy number CT 00014823, a copy of which has previously been produced in this case.

5. The claim file reflects that once this claim was reported to Occidental, it was determined that the truck displaying West Wind Express placards and operating authority numbers was not a truck owned by West Wind Express and, therefore, was afforded no coverage pursuant to that policy of insurance as the policy in question only insured trucks owned by West Wind Express and used in its business.

6. The insurance policy in question, however, contained what is known as an MCS 90 endorsement which is an endorsement required by federal law on all commercial trucking insurance policies. Among other things, an MCS 90 endorsement requires an insurer, like Occidental, to make certain

payments to members of the public who are injured by trucks displaying the name and operating authority numbers of a trucking company, even if the truck in question is not afforded insurance by the company's commercial trucking insurance policy.

7.  As a result, Occidental provided a courtesy defense to West Wind Express and its driver, Josef Bohm, for the lawsuits filed against them. Occidental, through its third party administrator, Criterion Claim Solutions, and on its own, also mailed to West Wind Express, letters that were addressed to West Wind Express at its mailing address with proper postage affixed and with each letter being mailed on or about the date contained in the letter pursuant to normal business practices, with those letters being dated January 4, 2006; February 1, 2006; June 5, 2007; December 12, 2008; true and accurate copies of which letters are attached to my affidavit as Group Exhibit A. Among other things, those letters explained Occidental's coverage position to West Wind Express, including that these claims were going to be handled pursuant to the MCS 90 endorsement of the West Wind Express insurance policy in question. The claim file contains no indication that West Wind Express ever disagreed with the position outlined in any of those letters and never objected to the handling of the claims in the manner described.

8.  The claim further reflects, based on the facts of how this accident occurred, which facts were obtained through investigation and discovery, that if the cases filed against West Wind Express and its driver were to have proceeded to trial, final judgments would have been entered against West Wind Express and its driver. Specifically, the claim file reflects that, for an unknown reason, the West Wind Express truck being driven by Josef Bohm rear ended the Quick Fleet Fuel Services truck being driven by Erin Mack while both trucks proceeded on interstate 40 in Oklahoma City, Oklahoma.

9.  Consequently, in an effort to limit the exposure of and amount of damages assessed against West Wind Express and its driver from these claims, Occidental resolved all claims arising from this motor vehicle accident and paid those claims pursuant to the MCS 90 endorsement which formed a part of the commercial trucking insurance policy at issue in this case.

10. The claims were resolved were resolved for a total of $122,524.34. The claims included a property damage claim made by Quick Fleet Fuel Services for damage to its truck for which the initial demand was $122,441.84 and which was resolved for $100,000.00; an injury claim filed by Quick Fleet Fuel Services' driver, Erin Mack, which was resolved for $22,000.00 for which the initial demand was $85,000 and a small claims property damage claim made by the State of Oklahoma which was resolved for $524.34.

11. Subsequent to those claims being resolved and pursuant to the terms of the MCS 90 endorsement, Occidental has attempted to seek reimbursement for the amounts paid to resolve the claims from West Wind Express and this lawsuit was filed after Occidental attempted to seek reimbursement from West Wind Express.

Julie Lindemann
Senior Litigation Examiner
Occidental Fire & Casualty Insurance
Company of North Carolina

SUBSCRIBED and SWORN to before me this
14 day of _December_, 2011.

NOTARY PUBLIC

OFFICIAL SEAL
GARY M FEIEREISEL
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 07/15/12

# GROUP EXHIBIT A TO EXHIBIT 1



# Criterion Claim Solutions, Inc.
## IAT Specialty

*Acceptance Indemnity Insurance Company*   *Acceptance Casualty Insurance Company*
*Harco National Insurance Company*    *Occidental Fire & Casualty of North Carolina*
*Wilshire Insurance Company*

| P O Box 3328 | Omaha, NE 68102 | Phone: 402-514-6278 | Fax: 402-397-1920 |
|---|---|---|---|

January 4, 2006

CERTIFIED MAIL / RETURN RECEIPT REQUESTED
Fax & Regular Mail

West Wind Express, Inc.
Attn.: Dianne Fox
5125 W. Lake Streeet
Chicago, IL  60644   Fax: 773-921-1731

  Re:  Insured:   West Wind Express, Inc.
      Policy No.:  CT00014823
      Driver:    Josef Bohm
      Claimant:   Quick Fuel Fleet Services & Erin Mack
      Date of Loss: 12/23/05
      Our File:   014823326072

Dear Ms. Fox:

Criterion Claim Solutions Inc. is the claim administrator for West Wind Express, Inc. and your insurer IAT/MCM, Occidental Fire & Casualty Insurance Company in connection with a loss that occurred on December 23, 2005.

West Wind Express, Inc. was issued a policy under number CT00014823 with a policy period of 12/24/04 - 12/24/05, and benefits are now being claimed under that policy.

The purpose of this letter is to advise you that this matter has been reported to us, and we will proceed to investigate the facts pertaining to this loss, even though there is a question as to whether coverage will be available under your policy.

Specifically, we call your attention to Commercial Auto CA 00 12 07 97 Truckers Coverage Form and Commercial Auto Endorsement CA 99 54 07 97 Covered Auto Designation Symbol which state in pertinent part as follows:

### TRUCKERS COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

## COVERED AUTO DESIGNATION SYMBOL

**SECTION I – COVERED AUTOS** is amended by adding the following:

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols may be used (in addition to the numerical symbols described in the Coverage Form) to describe the "autos" that may be covered "autos". The entry of one of these symbols next to a coverage on the Declarations will designate the only "autos" that are covered "autos".

| Symbol | | Description Of Covered Auto Designation Symbols |
|--------|---|-------------------------------------------------|
|        |   |                                                 |
| 51     | = | All owned autos operated in connection with your business, excluding private passenger & service type autos. |

The policy CT00014823, insuring West Wind Express, Inc., was issued with a symbol 51, indicating that only owned autos are covered under the policy. In order for there to be coverage a vehicle must be an owned auto. At this time we do not have enough information to determine if the involved vehicle is a covered vehicle.

We will continue to investigate this matter, and your insurance carrier may elect to defend any lawsuit or settle any claim or action arising out of this loss, but reserves all rights to assert any and all defenses of non-coverage available under the terms of the policy. None of the actions of Criterion Claim Solutions Inc. or IAT/MCM, Occidental Fire & Casualty Insurance Company should be construed as an admission of any obligation, or as a waiver of any rights or defenses available under the policy.

It may be that in the course of the investigation and handling of this matter other information will be brought to light that would cause coverage to be excluded. For that reason, this reservation of rights is not limited to the above mentioned policy provisions, and the company specifically reserves all of its rights and remedies available under the terms of the policy, and under the law.

This position regarding the coverage issues described is based on the present allegations and the facts as currently known. We are prepared to re-evaluate this position at any time that there may be a material change in the allegations or the facts.

If you should have any questions, please contact the undersigned.

Sincerely,


Linda M. Mihm
Senior Claim Specialist
Criterion Claim Solutions, Inc.

Cc:     M.L. Sullivan Ins. Agency
        PO Box 8152
        Bartlett, IL  60103

        Interstate Risk Placement, Inc.
        PO Box 3765
        Peoria, IL  61612



# Criterion Claim Solutions, Inc.
## IAT Specialty

*Acceptance Indemnity Insurance Company*　　*Acceptance Casualty Insurance Company*
*Harco National Insurance Company*　　　　*Occidental Fire & Casualty of North Carolina*
*Wilshire Insurance Company*

| P O Box 3328 | Omaha, NE 68103 | Phone: 402-514-6278 | Fax: 402-397-1920 |
|---|---|---|---|

February 1, 2006　　　　　　　　　**Certified Mail-Return Receipt Requested**
　　　　　　　　　　　　　　　　　　　　　　　**& Regular Mail**

West Wind Express, Inc.
Attn.: Dianne Fox
5125 West Lake Street
Chicago, IL 60644

　　　　　RE:　Claim #:　　014823326072
　　　　　　　　Policy #:　　CT00014823
　　　　　　　　Insured:　　West Wind Express, Inc.
　　　　　　　　Driver:　　　Josef Bohm
　　　　　　　　Date of Loss: 12/23/05
　　　　　　　　Claimant:　　Quick Fuel Fleet Services / Erin Mack

Dear Ms. Fox:

Criterion Claim Solutions, Inc., a claim administrator, is handling the above captioned matter on behalf of Occidental Fire & Casualty Insurance Company. We are in receipt of claims filed against you by Quick Fuel Fleet Services and Erin Mack. These claims arise out of an incident that occurred on or about December 23, 2005, for which the claimants are now seeking damages.

West Wind Express, Inc. was issued a policy of insurance, policy number CT00014823, by Occidental Fire & Casualty Insurance Company, effective 12/24/04 to 12/24/05. You are now claiming benefits under this policy.

We respectfully wish to call your attention to Commercial Auto Truckers Coverage Form CA 00 12 07 97 and Commercial Auto Endorsement CA 99 54 07 97 Covered Auto Designation Symbol, which state in pertinent part:

## TRUCKERS COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.
…
## SECTION I – COVERED AUTOS

…

## A. Description of Covered Auto Designation Symbols

...

## COVERED AUTO DESIGNATION SYMBOL

**SECTION I – COVERED AUTOS** is amended by adding the following:

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols may be used (in addition to the numerical symbols described in the Coverage Form) to describe the "autos" that may be covered "autos". The entry of one of these symbols next to a coverage on the Declarations will designate the only "autos" that are covered "autos".

| Symbol | Description Of Covered Auto Designation Symbols |
|--------|-----------------------------------------------|
|        |                                               |
| 51     | All owned autos operated in connection with your business, excluding private passenger & service type autos. |

The policy CT00014823, insuring West Wind Express, Inc., was issued with a symbol 51, indicating that only owned autos are covered under the policy. In order for there to be coverage a vehicle must be an owned auto. At this time we have confirmed that the vehicle involved in this accident was owned by the driver, Josef Bohm, not West Wind Express, Inc. As such, the vehicle in question is not a covered "auto".

It is the position of Occidental Fire & Casualty Insurance Company that the above cited policy provisions apply with respect to the claims being presented by Quick Fuel Fleet Services and Erin Mack. Therefore, we must respectfully disclaim coverage and contend you are not entitled to benefits under the above captioned policy of insurance. We, by this disclaimer of coverage, also decline to provide a defense in your behalf and/or indemnify you for any verdict rendered against you arising out of this lawsuit.

By naming the specific grounds for this disclaimer of coverage, we do not waive any of our rights or any of the other provisions or conditions of the policy of insurance and specifically reserve all of our rights and remedies under this policy and under the statutes and common law.

Our decision has been based on all facts presently available to us. If you have additional knowledge or facts relevant to this matter, or should you receive a Complaint, please notify us in writing immediately so that we can evaluate the additional information for potential coverage under the above policy.

Although your policy does not provide coverage for this unit, your policy is endorsed with Form MCS-90, Endorsement For Motor Carrier Policies Of Insurance For Public Liability Under Sections 29 and 30 Of The Motor Carrier Act Of 1980. The form was issued to West Wind Express, Inc. the 24th day of December, 2004.

As you know, the purpose of the MCS-90 Endorsement is to protect the public; therefore, we may be required to indemnify the plaintiff for damages arising out of the use of a vehicle for which no coverage is afforded under policy CT00014823. The form states in pertinent part as follows:

In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy or whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo. It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured. However, all terms, conditions and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

As you can see, this form requires that "the insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy". As such, if we are obligated to make any payments we will be looking to West Wind Express, Inc. for reimbursement of any money paid out on this claim. This will include any expenses, as well as monies paid to the plaintiffs.

You may have additional insurance coverage that would provide coverage for West Wind Express, Inc. If so, you or your agent should report this claim to that carrier immediately.

Should you have any questions regarding this matter please feel free to contact the undersigned. Thank you.

Sincerely,


Linda M. Mihm
Senior Claim Specialist
Criterion Claim Solutions, Inc.

Cc:     M.L. Sullivan Insurance Agency
        Attn.: Bob Beck
        PO Box 8152
        Bartlett, IL 60103


        Interstate Risk Placement, Inc.
        Attn.: Rick Sutton
        PO Box 3765
        Peoria, IL 61612



June 5, 2007

Sent via: Fax, Certified Mail & Regular Mail

West Wind Express, Inc.
Attn.: Dianne Fox
5125 W. Lake Street
Chicago, IL 60644                    Fax: 708-658-1525

RE:          Insured:          West Wind Express, Inc.
             Driver:           Josef Bohm
             Date of Loss:     12/23/05
             Claim #:          014823326072

Dear Ms. Fox:

This serves as a follow up to our prior conversations and correspondences regarding the above referenced accident.

As you are aware, Criterion Claim Solutions, Inc. is a claim administrator handling this matter on behalf of West Wind Express, Inc.'s insurance carrier, Occidental Fire and Casualty Company. We have denied and disclaimed coverage for this accident as the vehicle involved in the accident was not an owned auto and therefore would not be considered a 'covered auto'.

Although there is no coverage available the policy is endorsed with the MCS-90 Form. The purpose of the MCS-90 is to protect the public. The form states '...the insurer agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980...'. It also states that 'The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.'

Please note the company has no duty to make any payments unless or until there is a final judgment. However, it could be prudent to resolve certain claims prior to a final judgment, thus saving money on the total settlement amounts and the expenses incurred. As such, we are going to attempt to resolve the claim and lawsuit currently being presented by Quick Fuel Fleet Services, LLC.

Per the language of the MCS-90 endorsement we will be seeking reimbursement from you for any money paid as a result of this accident. This will include any money paid to the plaintiffs as well as any expenses incurred.

**C r i t e r i o n   C l a i m   S o l u t i o n s**
P.O. Box 3328 • Omaha, NE 68103
Phone: 1-888-816-2227 • 402-514-6100
Fax: 402-342-0097
E-Mail: ccs@criterionclaim.com

11



If you receive any other information regarding this loss, including any additional Complaints, please notify us immediately so that we can evaluate the information for potential coverage under the policy.

Should you have any questions regarding this matter, please feel free to contact the undersigned. Thank you.

Sincerely,


Linda M. Mihm
Senior Claim Specialist
Criterion Claim Solutions, Inc.

**C r i t e r i o n   C l a i m   S o l u t i o n s**
P.O. Box 3328 • Omaha, NE 68103
Phone: 1-888-816-2227 • 402-514-6100
Fax: 402-342-0097
E-Mail: ccs@criterionclaim.com



**Acceptance Indemnity Insurance Company**
**Acceptance Casualty Insurance Company**
**Occidental Fire & Casualty of North Carolina**
**Wilshire Insurance Company**
**Harco National Insurance Company**

302 South 36th Street   Suite 500   Omaha, NE 68131   P.O. Box 3328   Omaha, NE 68103   Phone: (402) 342-3433   Fax: (402) 342-0097

December 12, 2008

WEST WIND EXPRESS, INC.
5125 WEST LAKE STREET
CHICAGO, IL 60644

RE:    Claim No.:          014823326072
       Policy No.:         CT00014823
       Insured:            West Wind Express, Inc.
       Date of Loss:       12/23/05
       Claimant:           Erin Mack
       Case Style:         *Erin Mack, Plaintiff vs. Josef Bohm, et al., Defendants*
                           District Court of Oklahoma County
                           Case No. CJ-2007-10919

Dear Insured:

West Wind Express is a Defendant in the matter styled *Erin Mack vs. Josef Bohm, West Wind Express, et al.*, Case No. CJ-2007-10919, filed in the District Court of Oklahoma County, Oklahoma. The Plaintiff, Erin Mack, alleges that on or about December 23, 2005, a vehicle operated by Josef Bohm for and on behalf of West Wind Express struck the rear of the vehicle driven by Erin Mack. Mr. Mack alleges that he sustained personal injuries as a result of the accident.

Occidental Fire & Casualty Company provided West Wind Express, Inc. with a Commercial Auto Truckers liability policy, policy number CT00014823, effective 12/24/04 to 12/24/05 and subject to a $1,000,000 limit of liability.

We respectfully call your attention to the "Covered Auto Designation Symbol" endorsement (form CA 9954 07/97), which is incorporated into and made a part of policy number CT00014823, which states in pertinent part as follows:

   "**Section I – Covered Autos** is amended by adding the following:

   Item Two of the Declarations shows the 'autos' that are covered 'autos' for each of your coverages. The following numerical symbols may be used (in addition to the numerical symbols described in the Coverage Form) to describe the 'autos' that may be covered 'autos.' The entry of one of these symbols next to a coverage on the Declarations will designate the only 'autos' that are covered 'autos.'

   For use with the Truckers Coverage Form

| Symbol | Description Of Covered Auto Designation Symbols | |
|--------|---------|---|
| 51 | | ALL OWNED AUTOS OPERATED IN CONNECTION WITH YOUR BUSINESS, EXCLUDING PRIVATE PASSENGER & SERVICE TYPE AUTOS. |

We also respectively refer you to the Truckers Coverage Form (CA 0012 07/97), which is also incorporated into and made a part of the above referenced policy, which provides, in pertinent part, as follows:

"SECTION II – LIABILITY COVERAGE

A.    Coverage

We will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'

. . .

We have the right and duty to defend any 'insured' against a 'suit' asking for such damages or a 'covered pollution cost or expense.'  However, we have no duty to defend any 'insured' against a 'suit' seeking damages for 'bodily injury' or 'property damage' or a 'covered pollution cost or expense' to which this insurance does not apply.  We may investigate and settle any claim or 'suit' as we consider appropriate."

Our investigation into this claim determined that the vehicle involved in the above referenced accident was owned by Josef Bohm.  It was not a covered auto as defined in the above cited policy provisions.  You were previously notified of these findings and resulting decision of no coverage via letter dated February 1, 2006.

Additionally, we respectfully refer you to endorsement Form 98 (01/02), entitled "Punitive Damages Exclusion," which states, in pertinent part:

"PUNITIVE DAMAGES EXCLUSION

In consideration of the premium charged, it is understood and agreed that this policy excludes any claim for punitive or exemplary damages whether arising out of acts of the insureds, insured's employees or any other person."

In the above referenced Amended Petition, the plaintiff makes a claim for "punitive damages if applicable."  Pursuant to the above quoted endorsement, no coverage is provided under policy number CT00014823 for punitive damages.

It is the position of Occidental Fire & Casualty Company that the above cited policy provisions apply with respect to the claims being presented by the claimant, Erin Mack.  Therefore, we must respectfully disclaim coverage and contend that you are not entitled to benefits under the above captioned policy of insurance.

By naming the specific grounds for this disclaimer of coverage, we do not waive any of our rights or any of the other provisions or conditions of the policy of insurance and specifically reserve all of our rights and remedies under this policy and under the statutes and common law.

Also attached to and made a part of policy number CT00014823 is the "Endorsement For Motor Carrier Policies of Insurance For Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980" (Form MCS-90). In pertinent part, said endorsement states as follows:

> "In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or or in any territory authorized to be served by the insured or elsewhere.

> . . .

> However, all terms, conditions and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement."

Pursuant to the above quoted provision, in the event Occidental Fire & Casualty Company is required to pay any damages pursuant to the Motor Carrier Act endorsement, Occidental Fire & Casualty will seek reimbursement for any such payments directly from West Wind Express, Inc.

Not withstanding the fact that there is no duty to defend under the policy or the MCS-90 Motor Carrier Endorsement, Occidental Fire & Casualty Company has retained attorney Bart Jay Robey of the SMITH RHODES STEWART & ELDER, P.L.L.C. law firm to provide a courtesy defense in behalf of West Wind Express, Inc. in this matter. Mr. Robey can be reached at Robinson Renaissance, Suite 820, 119 N. Robinson Avenue, Oklahoma City, OK 73102, telephone number (405) 236-8282. Please feel free to cooperate with members of Mr. Robey's firm. As indicated, this defense is being provided on a courtesy basis.

It may be that you have other coverage that would extend protection for this matter. If so, you and/or your agent should report this claim to that insurance carrier accordingly.

You have the right to retain your own attorney to protect any uninsured exposure. Should you decide to seek separate counsel, such retention would be at your own expense.

Sincerely,

Jeffrey P. Edwards
Litigation Examiner II
888-389-0598, ext. 2798
jeff.edwards@iatspecialty.com


**VIA CERTIFIED MAIL AND FIRST CLASS MAIL**

7

cc:     Interstate Risk Placement, Inc.
        P.O. Box 3765
        Peoria, IL  61612

        M. L. Sullivan Insurance Agency
        P.O. Box 8152
        Bartlett, IL  60103

        Bart Jay Robey, Esq.
        SMITH, RHODES, STEWART & ELDER
        Robinson Renaissance, Suite 820
        119 N. Robinson Avenue
        Oklahoma City, OK  73102

# EXHIBIT 2 TO DEFENDANT'S STATEMENT OF ADDITIONAL FACTS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| WEST WIND EXPRESS, an Illinois<br>Corporation, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 10 CV 6263 |
| OCCIDENTAL FIRE & CASUALTY | ) | |
| COMPANY OF NORTH CAROLINA, | ) | |
| a North Carolina Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## REQUEST FOR ADMISSION

NOW COMES the plaintiff, West Wind Express, by and through its attorneys, Busse, Busse & Grassé, P.C., and for its answers to the request for admission propounded by the plaintiff, states as follows:

1. West Wind received the January 4, 2006 letter from Linda Mihm at Criterion Claim Solutions, Inc., a true and accurate copy of which letter is attached hereto as Exhibit A.

ANSWER: Admits.

2. West Wind received the February 1, 2006 letter from Linda Mihm at Criterion Claim Solutions, Inc., a true and accurate copy of which is attached hereto as Exhibit B.

ANSWER: Admits.

3. West Wind received the June 5, 2007 letter from Linda Mihm at Criterion Claim Solutions, Inc., a true and accurate copy of which is attached hereto as Exhibit C.

ANSWER: Admits.

4. West Wind received the December 12,2008 letter from Jeffrey Edwards at IAT Specialty/Occidental Fire & Casualty of North Carolina, a true and accurate copy of which is attached hereto as Exhibit D.

ANSWER: Admits.

5. West Wind received the December 22, 2009 letter from Steve Olsen at IAT Specialty/Occidental Fire & Casualty of North Carolina, a true and accurate copy of which is attached hereto as Exhibit E.

ANSWER: West Wind Express cannot truthfully admit or deny at whether it received the aforementioned letter at this time. West Wine received a number of letters from IAT Specialty/Occidental Fire & Casualty of North Carolina, and a number of said letters were from

Steve Olsen, including a number that were substantially similar to Exhibit E. Review of materials in West Wind Express's possession continues to determine whether the specific correspondence referenced was received by it.

6. West Wind received the February 3, 2010 letter from Steve Olsen at IA T Specialty/Occidental Fire & Casualty of North Carolina, a true and accurate copy of which is attached at Exhibit F.

ANSWER: West Wind Express cannot truthfully admit or deny at whether it received the aforementioned letter at this time. West Wine received a number of letters from IAT Specialty/Occidental Fire & Casualty of North Carolina, and a number of said letters were from Steve Olsen, including a number that were substantially similar to Exhibit F. Review of materials in West Wind Express's possession continues to determine whether the specific correspondence referenced was received by it.

7. West Wind received the February 23, 2010 letter from Steve Olsen at IAT Specialty/Occidental Fire & Casualty of North Carolina, a true and accurate copy of which is attached hereto as Exhibit G.

ANSWER: West Wind Express cannot truthfully admit or deny at whether it received the aforementioned letter at this time. West Wine received a number of letters from IAT Specialty/Occidental Fire & Casualty of North Carolina, and a number of said letters were from Steve Olsen, including a number that were substantially similar to Exhibit G. Review of materials in West Wind Express's possession continues to determine whether the specific correspondence referenced was received by it.

8. West Wind received the March 3, 2010 letter from Steve Olsen of IAT Specialty/Occidental Fire & Casualty of North Carolina, a true and accurate copy of which is attached hereto as Exhibit H.

ANSWER: West Wind Express cannot truthfully admit or deny at whether it received the aforementioned letter at this time. West Wine received a number of letters from IAT Specialty/Occidental Fire & Casualty of North Carolina, and a number of said letters were from Steve Olsen, including a number that were substantially similar to Exhibit H. Review of materials in West Wind Express's possession continues to determine whether the specific correspondence referenced was received by it.

9. A true and accurate copy of Occidental Fire & Casualty Insurance Company policy #CT00014823, named insured West Wind Express, Inc., policy period from 12/24/04 - 12/24/05 is attached to Occidental's FRCP 26(a)(1) disclosures as pages numbered 98 - 165.

ANSWER: Admits.

10. Said insurance policy provided liability coverage only for symbol 51 covered autos - "all owned autos operated in connection with your business, excluding private passenger and service type autos."

ANSWER: Plaintiff objects to this request, in that it is not limited to Phase I issues, in accordance with the Court's order of March 17, 2011. Plaintiff will respond to this request in accordance with any Phase II schedules entered by the Court.

11. The truck being driven by Josef Bohm at the time of the 12/23/05 motor vehicle collision was not owned by West Wind Express, Inc.

ANSWER: Plaintiff objects to this request, in that it is not limited to Phase I issues, in accordance with the Court's order of March 17, 2011. Plaintiff will respond to this request in accordance with any Phase II schedules entered by the Court.

12. At the time of the 12/23/05 motor vehicle accident referenced above, the truck being driven by Josef Bohm displayed placards of West Wind Express, Inc., with West Wind Express, Inc.' s operating authority numbers.

ANSWER: Plaintiff objects to this request, in that it is not limited to Phase I issues, in accordance with the Court's order of March 17, 2011. Plaintiff will respond to this request in accordance with any Phase II schedules entered by the Court.

13. A claim was made against West Wind and Josef Bohm by Quick Fuel Fleet Services, LLC, arising out of the 12/23/05 motor vehicle collision in question.

ANSWER: Admitted on the understanding that "West Wind" refers to Plaintiff West Wind Express.

14. There was no liability insurance coverage available to West Wind, Josef Bohm or the truck being driven by Josef Bohm pursuant to the Occidental Insurance policy referenced in item 9 above for the 12/23/05 motor vehicle collision in question.

ANSWER: Plaintiff objects to this request, in that it is not limited to Phase I issues, in accordance with the Court's order of March 17, 2011. Plaintiff will respond to this request in accordance with any Phase II schedules entered by the Court.

15. In the 12/23/05 motor vehicle collision in question the truck being driven by Josef Bohm rear ended the Quick Fuel Fleet Services, LLC, truck being driven by Erin Mack on eastbound Interstate 40 approximately .4 miles west of Westminster Street in Oklahoma City, Oklahoma.

ANSWER: Plaintiff objects to this request, in that it is not limited to Phase I issues, in accordance with the Court's order of March 17, 2011. Plaintiff will respond to this request in accordance with any Phase II schedules entered by the Court.

16. Josef Bohm was under dispatch by West Wind at the time of the 12/23/05 motor vehicle collision in question.

ANSWER: Plaintiff objects to this request, in that it is not limited to Phase I issues, in accordance with the Court's order of March 17, 2011. Plaintiff will respond to this request in accordance with any Phase II schedules entered by the Court.

17. Josef Bohm was at fault for causing the 12/23/05 motor vehicle accident m question.

ANSWER: Plaintiff objects to this request, in that it is not limited to Phase I issues, in accordance with the Court's order of March 17, 2011. Plaintiff will respond to this request in accordance with any Phase II schedules entered by the Court.

18. Occidental resolved the claim made by Quick Fuel Fleet Services, LLC, pursuant to the terms and conditions of the MCS-90 endorsement of the Occidental Insurance policy referenced in item 9 above.

ANSWER: Denies.

19. A claim was made against Josef Bohm and West Wind by the Oklahoma Department of Transportation arising out of the 12/23/05 motor vehicle collision in question.

ANSWER: Admitted on the understanding that "West Wind" refers to Plaintiff West Wind Express.

20. Occidental resolved the claim made by the Oklahoma Department of Transportation pursuant to the terms and conditions of the MCS 90 endorsement contained in the Occidental insurance policy referenced in item 9 above.

ANSWER: Denies.

21. Erin Mack and Federated Mutual Insurance made a claim against Josef Bohm and West Wind arising out of the 12/23/05 motor vehicle accident in question.

ANSWER: Admitted on the understanding that "West Wind" refers to Plaintiff West Wind Express.

22. Occidental resolved the claim of Erin Mack/Federated Mutual Insurance pursuant to the terms and conditions of the MCS 90 endorsement of the Occidental Insurance Policy referenced in item 9 above.

ANSWER: Denied.

23. At no time prior to Occidental resolving the claim of Quick Fuel Fleet Services,

LLC; the Oklahoma Department of Transportation; and Erin Mack/Federated Mutual Insurance did West Wind make any objection to Occidental resolving those claims on behalf of West Wind and Josef Bohm.

ANSWER: Plaintiff objects to this request, in that it is irrelevant, and further is not limited to Phase I issues, in accordance with the Court's order of March 17, 2011. In the event that the Court overrules Plaintiff's objection to this request on the grounds of it being irrelevant to this matter, Plaintiff will respond to this request in accordance with any Phase II schedules entered by the Court.

24. To date, West Wind has made no payment toward any of the amounts paid to resolve the claims made by Quick Fuel Fleet Services, LLC; the Oklahoma Department of Transportation or Erin Mack/Federated Mutual Insurance.

ANSWER: Admits.

25. The total amount paid by Occidental to resolve the claims made by Quick Fuel Fleet Services, LLC; the Oklahoma Department of Transportation or Erin Mack/Federated Mutual Insurance was $122,524.34.

ANSWER: Admits.


Respectfully submitted by:

/s/Christopher D. Willis
_____
Christopher D. Willis, attorney for
plaintiff, West Wind Express

BUSSE, BUSSE, & GRASSÉ, P.C.
20 N. Wacker Drive, Suite 1860
Chicago, Illinois 60606
(312)750-1212
FAX(312)750-1211
ARDC No.: 6294094