# EXHIBIT B

GMF-10088/ms
W:\Case\001 Active files\10088gmf\West Wind\Pleadings\Answer&cc.doc

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| WEST WIND EXPRESS,      )<br>     Plaintiff      )<br>     )<br>v.      )<br>     )<br>     )<br>OCCIDENTAL FIRE & CASUALTY COMPANY )<br>Of NORTH CAROLINA,      )<br>     Defendant.      ) | No. 10 CV 06263 |

## ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATYORY JUDGMENT

NOW COMES defendant, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA (OCCIDENTAL), by its attorneys, BERANEK, FEIEREISEL, KASBOHM & HAMMER, and ·as its answer to plaintiff's complaint for declaratory judgment states as follows:

### I.     Jurisdictional Allegations Pursuant to Fed. R. Civ. Proc. 8(a)(1): Bases of Jurisdiction – Arising Under the Laws of the United States and Diversity of Citizenship.

1.     The plaintiff is a corporation organized under the laws of the State of Illinois, and having its principle place of business in Chicago, Illinois.

**ANSWER:**    **On information and belief, Occidental admits the allegations in paragraph 1.**

2.     The defendant is a corporation organized under the laws of North Carolina and having its principle place of business in at 702 Oberlin Road, Raleigh, North Carolina.

**ANSWER:**    **Occidental admits the allegations of paragraph 2.**

3.     The dispute amongst the parties in Count I in this action, *infra*, arises under the laws of the United States and specifically includes the interpretation of 49 U.S.C. § 13906(f) and regulations promulgated thereunder.

**ANSWER:**    **Occidental admits that there is a dispute between the parties relating to the interpretation of the MCS 90 endorsement to the insurance policy issued to plaintiff and,**

further pleading, admits that the interpretation of the MCS 90 endorsement involves interpretation of certain federal statutes and regulations.

4.     This Court has original jurisdiction over Count I of this matter, *infra*, pursuant to 28 U.S.C. § 1331.

**ANSWER:     Occidental admits the allegations of paragraph 4.**

5.     The plaintiff is a citizen of Illinois.

**ANSWER:     On information and belief, Occidental admits the allegations of paragraph 5.**

6.     The defendant is a citizen of North Carolina.

**ANSWER:     Occidental admits that its principal place of business is in North Carolina.**

7.     The matter in controversy between the plaintiff and the defendant exceeds $75,000.00, exclusive of interest and costs.

**ANSWER:     Occidental admits the allegations of paragraph 7.**

8.     Additionally, this Court has original jurisdiction of Counts I and II this matter, *infra*, pursuant to 28 U.S.C. §1332(a)(1).

**ANSWER:     Occidental denies the allegations of paragraph 8.**

9.     Venue is proper in the Northern District of Illinois, Eastern Division, as a substantial part of the events giving rise to the claim at issue here occurred in Chicago, Cook County, Illinois, pursuant to 28 U.S.C. §139(c).

**ANSWER:     Occidental admits that venue is proper in the Northern District of Illinois, Eastern Division.**

10.     Defendant contracted to insure plaintiff, and its property and attendant risks thereto, located within the City of Chicago, County of Cook, and State of Illinois at the time of contracting, and therefore is subject to personal jurisdiction at the time of the commencing of this action pursuant to 735 ILCS §5/2-209(a)(4), and as such is a resident of the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(c).

**ANSWER:** **Occidental admits that it issued a certain policy of insurance to the plaintiff and, further pleading, states that the insurance provided by that policy is dictated by the terms and conditions of the insurance policy in question.**

11.     Defendant has contacts with the Northern District of Illinois, Eastern Division sufficient to subject defendant to personal jurisdiction there if the Northern District of Illinois were a separate State, and therefore is a resident of the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(c).

**ANSWER:** **Occidental admits that it is subject to personal jurisdiction in the Northern District of Illinois.**

## II.     Statement of the Claims Pursuant to Fed. R. Civ. Proc. 8(a)(2).

### Count I: Declaratory Judgment

12.     Defendant Occidental Fire & Casualty Company of North Carolina issued a policy of insurance to plaintiff West Wind Express, Inc., Policy Number CT 00014823, a copy of which is attached as Exhibit A, (hereinafter "Policy").

**ANSWER:** **Occidental admits that it issued a policy of insurance to plaintiff, policy number CT 00014823 with effective dates of 12/24/04 – 12/24/05.**

13.     An endorsement attached to the policy provides, inter alia,

> In consideration of the premium stated in the policy to which this endorsement it attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo. It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured. However, all terms, conditions and limitations in the policy to which the endorsement is attached shall remain in full force

and effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

(Ex. A, p. 67). This endorsement is hereinafter referred to as the MCS-90 Endorsement.

**ANSWER: Occidental admits that an endorsement entitled "ENDORSEMENT FOR MOTOR CARRIER POLICIES OF INSURANCE FOR PUBLIC LIABILITY UNDER SECTIONS 29 and 30 OF THE MOTOR CARRIER ACT OF 1980" was attached to the policy issued to plaintiff and, further pleading, states that the quoted language of paragraph 13 includes only a portion of the terms and conditions of said endorsement.**

14.     Following a motor vehicle accident on December 23, 2005, plaintiff West Wind Express was sued in three separate matters: Erin Mack v. Josef Bohm, West Wind Express, et. al., District Court of Oklahoma County, Oklahoma, Case No. CJ-2007-10919; Quick Fuel Fleet Services, LLC v. Josef Bohm and West Wind Express, United States District Court, Northern District of Illinois, Case No. 07-C-1424; and a small claims action filed by the Oklahoma Department of Transportation.

**ANSWER: Occidental admits that as a result of a certain motor vehicle accident that occurred on December 23, 2005 various lawsuits were filed against plaintiff.**

15.     Defendant denied coverage to plaintiff regarding the occurrence described in paragraph

**ANSWER: Occidental admits that it denied coverage to plaintiff for the December 23, 2005 motor vehicle accident.**

16.     After denying coverage to plaintiff, defendant voluntarily paid $100,000.00 to Quick Fuel Fleet Services, LLC regarding the occurrence described in Paragraph 14. in settlement of Quick Fuel Fleet Services, LLC v. Josef Bohm and West Wind Express, United States District Court, Northern District of Illinois, Case No. 07-C-1424.

**ANSWER: Occidental denies that it voluntarily paid any amount to Quick Fuel Fleet Services, LLC and states that the amount paid to Quick Fuel Fleet Services, LLC, was paid pursuant to the terms and conditions of the MCS-90 endorsement of the Occidental policy issued to the plaintiff.**

17.     After denying coverage to plaintiff, defendant voluntarily paid $524.34 to the Oklahoma Department of Transportation regarding the occurrence described in Paragraph 14 in settlement of the small claims action filed by the Oklahoma Department of Transportation.

**ANSWER: Occidental denies that it voluntarily paid any amount to Oklahoma Department of Transportation and states that the amount paid to the Oklahoma Department of Transportation, was paid pursuant to the terms and conditions of the MCS-90 endorsement of the Occidental policy issued to the plaintiff.**

18.     After denying coverage to plaintiff, defendant voluntarily paid $14,666.67 to Erin Mack, Randy Bumgardner, and their attorneys, regarding the occurrence described in Paragraph 14., in settlement of <u>Erin Mack v. Josef Bohm, West wind Express, et. al.</u>, District Court of Oklahoma County, Oklahoma, Case No. CJ-2007-10919.

**ANSWER: Occidental denies that it voluntarily paid any amount to Erin Mack, Randy Bumgardner and their attorney and states that the amount paid to Erin Mack, Randy Bumgardner and their attorney, was paid pursuant to the terms and conditions of the MCS-90 endorsement of the Occidental policy issued to the plaintiff.**

19.     After denying coverage to plaintiff, defendant voluntarily paid $7,333.33 to Federated Mutual Insurance Company regarding the occurrence described in Paragraph 14 in settlement of <u>Erin Mack v. Josef Bohm, West wind Express, et. al.</u>, District Court of Oklahoma County, Oklahoma, Case No. CJ-2007-10919.

**ANSWER: Occidental denies that it voluntarily paid any amount to Federated Mutual Insurance Company and states that the amount paid to Federated Mutual Insurance**

Company, was paid pursuant to the terms and conditions of the MCS-90 endorsement of the Occidental policy issued to the plaintiff.

20.     The above-referenced payments that defendant made regarding the occurrence described in paragraph 14 total $122,524.34.

**ANSWER:     Occidental admits that it made payments totaling $122,524.34 to settle various claims made against plaintiff arising out of the December 23, 2005 motor vehicle accident and, further pleading, states that those payments were made pursuant to the terms and conditions of the MCS-90 endorsement in question.**

21.     Defendant has sought reimbursement from plaintiff for the $122,524.34 defendant paid regarding the occurrence described in paragraph 14.

**ANSWER:     Occidental admits that it has sought reimbursement for that amount from the plaintiff pursuant to the terms and conditions of the MCS-90 endorsement in question.**

22.     Defendant claims entitlement of reimbursement from Plaintiff for the $122,524.34 defendant paid regarding the occurrence described in paragraph 14 as a result of the MCS-90 Endorsement.

**ANSWER:     Occidental admits that it has sought reimbursement for that amount from the plaintiff pursuant to the terms and conditions of the MCS-90 endorsement in question.**

23.     None of the payments made by defendant regarding the occurrences were a result of a final judgment, as that term is used in the MCS-90 Endorsement of the Policy.

**ANSWER:     Occidental denies the allegations of paragraph 23 and states that all payments made as described in paragraphs 16-19 were made pursuant to the terms and conditions of the MCS-90 endorsement in question.**

24.     Plaintiff is not obligated to reimburse defendant for the payments made by defendant regarding the occurrences.

**ANSWER:    Occidental denies that the plaintiff is not obligated to reimburse Occidental for those payments and, further pleading, affirmatively states that pursuant to the terms and conditions of the MCS-90 endorsement in question the plaintiff is obligated to reimburse Occidental for said payments.**

WHEREFORE, defendant, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, seeks adeclaration that all payments made by Occidental to plaintiff as described in Count I were made pursuant to the terms and conditions of the MCS-90 endorsement of the Occidental Insurance Policy in question, that the plaintiff is obligated to reimburse Occidental for said amounts and for such other and further relief as this court deems just, equitable and proper.

<u>**Count II:      Bad Faith Insurance Practices**</u>

25.    Plaintiff incorporates by reference paragraphs 1-2, 5-24 as though fully set forth in this paragraph of this Count II.

**ANSWER:    Occidental incorporates by reference its answers to paragraphs 1-2 and 5-24 as though they were fully set forth herein.**

26.    Defendant's ongoing and repeated demands for reimbursement pursuant to the MCS-90 Endorsement are in violation of the terms of the policy and the MCS-90 Endorsement, and constitute breaches of the duties defendant owes to plaintiff.

**ANSWER:    Occidental denies the allegations in paragraph 26.**

27.    In looking at the totality of the circumstances, defendant's breaches of its duties owed to plaintiff as a result of the contract of insurance between defendant and plaintiff were ongoing, vexations and unreasonable.

**ANSWER:    Occidental denies the allegations of paragraph 27.**

28.    By one or more of the aforementioned ongoing vexations and unreasonable acts of bad faith, defendant did then and there breach its above-stated duties and as a result of said breaches,

plaintiff has been denied proper coverage, plaintiff has been forced to litigate this declaratory judgment lawsuit, at its own expense and peril despite plaintiff's demand for defendant to meet and discharge its obligations under the policy and law of Illinois.

**ANSWER:    Occidental denies the allegations of paragraph 28.**

29.    Pursuant to the Illinois Insurance Code, 215 ILCS 5/155, and due to Defendants unreasonable and vexatious actions concerning the handling of plaintiff's request for coverage under the policy, defendant is liable to plaintiff for the maximum statutory amount of $60,000.00, plus reasonable attorney fees and costs.

**ANSWER:    Occidental denies the allegations of paragraph 29.**

30.    Further, because defendant's misrepresentations, conduct, and breaches of the duties owed to plaintiff, exceed mere negligence and demonstrate utter indifference and reckless disregard for plaintiff's rights, interests, and financial welfare, by, *inter alia*, seeking reimbursement of monies which defendant voluntarily paid and claiming those voluntary payments to be a "final judgment" under the MCS-90 Endorsement, plaintiff is also entitled to an award of punitive damages against defendant.

**ANSWER:    Occidental denies the allegations of paragraph 30.**

WHEREFORE, defendant, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, seeks judgment in its favor and against the plaintiff in Count II of plaintiff's complaint and for such other or further relief as this court deems just, equitable and proper.

Respectfully submitted:

/s/ Gary M. Feiereisel
Gary M. Feiereisel
Attorney for Defendant,
OCCIDENTAL FIRE & CASUALTY COMPANY
OF NORTH CAROLINA

BERANEK, FEIEREISEL

**KASBOHM & HAMMER**
55 West Monroe Street, Suite 3400
Chicago, Illinois 60603-5081
Phone:  312-782-9255
Fax: 312-782-4537

GMF-10088/ms
W:\Case\001 Active file\10088\prf.West Wind\001/001/1911-COS.doc

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| WEST WIND EXPRESS | ) | |
|     Plaintiff | ) | |
| | ) | |
|     v. | ) | No. 10 CV 06263 |
| | ) | |
| | ) | |
| OCCIDENTAL FIRE & CASUALTY COMPANY | ) | |
| Of NORTH CAROLINA | ) | |
|     Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2011, I electronically filed Defendants' Answer to Plaintiff's Complaint for Declaratory Judgment with the Clerk of Court using the CM/ECF system, which will send notification of such filings to the following:

Edward K. Grasse at edgrasse@bussepc.com
Christopher D. Willis at cwillis@bussepc.com

**BERANEK, FEIEREISEL,
KASBOHM & HAMMER**

  s/Gary M. Feiereisel
Gary M. Feiereisel
Attorney for defendant,
**Occidental Fire & Casualty Company
of North Carolina**

**BERANEK, FEIEREISEL,
FEIEREISEL & KASBOHM**
55 West Monroe Street
Suite 3400
Chicago, IL 60603
(312) 782-9255
gfeiereisel@bfkhlaw.com