# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WEST WIND EXPRESS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OCCIDENTAL FIRE & CASUALTY ) <br> COMPANY OF NORTH CAROLINA, ) <br> ) <br> Defendant. ) | Case No.: 10 cv 6263 <br><br> Judge Robert M. Dow, Jr. |

## MEMORANDUM OPINION AND ORDER

In this diversity case, Plaintiff West Wind Express filed a complaint against Defendant Occidental Fire & Casualty Company of North Carolina seeking, among other things, a declaration that West Wind is not obligated to reimburse Occidental for payments it made to settle third-party claims following a December 2005 motor vehicle accident. Before the Court is West Wind's motion [45] for summary judgment as to Count I. For the reasons explained below, the motion [45] is granted.

## I. Background[1]

Unlike most cases at the summary judgment stage, here, the facts are brief and undisputed. Occidental, a North Carolina corporation with its principal place of business in Raleigh, issued a policy of insurance to West Wind, an Illinois corporation engaged in interstate trucking, with its principal place of business in Chicago. [55 at ¶¶ 1-2, 11.] The policy

---

[1] The Court takes all relevant facts primarily from the parties' Local Rule 56.1 statements. [See 46, 55, 56, 59.] To the extent that the parties' responses do not comply with Local Rule 56.1, the Court has disregarded them. See *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000) ("[Local Rule 56.1(b)(3)(C)] provides the *only* acceptable means of * * * presenting additional facts.") (internal quotation omitted).

contained an "MCS-90" endorsement, which is designed to comply with regulations promulgated under the Motor Carrier Act of 1980.[2] [55 at ¶ 12.] The MCS-90 endorsement provides:

> In consideration of the premium stated in the policy to which this endorsement is attached, *[Occidental] agrees to pay*, within the limits of liability described herein, *any final judgment recovered against [West Wind]* for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by [West Wind] or elsewhere. * * * *[West Wind] agrees to reimburse [Occidental]* for any payment made by [Occidental] on account of any accident, claim or suit involving a breach of the terms of the policy, and *for any payment that [Occidental] would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.*

[55 at ¶ 13 (emphasis added).]

On December 23, 2005, a truck displaying West Wind placards and operating authority numbers was involved in an accident with another truck. [59 at ¶ 1.] Following the accident, three lawsuits were filed against West Wind. [55 at ¶ 14.] Occidental denied coverage for the claims arising from the accident, asserting that the West Wind truck was not an "owned auto." [55 at ¶ 15, 59 at ¶ 2.] Occidental also advised West Wind that: (1) Occidental believed that the MCS-90 applied; (2) although Occidental "ha[d] no duty to make any payment unless or until there is a final judgment," it would attempt to settle the claims prior to final judgment; and (3) Occidental would seek reimbursement from West Wind for "any money paid as a result of the accident." [59 at ¶¶ 4-5.]

Occidental resolved the claims for a total of $122,524.34 pursuant to settlements reached with the claimants; the payments were not made pursuant to a verdict, court order, or final

---

[2] "MCS-90" refers to the form prepared by the Federal Motor Carrier Safety Administration. See *Carolina Cas. Ins. Co. v. Yeates*, 584 F.3d 868, 873-74 (10th Cir. 2009).

judgment. [55 at ¶¶ 16-30, 59 at ¶ 10.] Thereafter, Occidental sought reimbursement from West Wind. [55 at ¶ 31.] West Wind refused to reimburse Occidental.

West Wind subsequently filed its complaint. In Count I (declaratory judgment), West Wind seeks a declaration that it is not obligated to repay any sums to Occidental as a result of the December 23, 2005, accident. In Count II (bad faith insurance practices), West Wind seeks a finding that Occidental's conduct in pursuing reimbursement constitutes bad faith pursuant to the Illinois Insurance Code, 215 ILCS 5/155, as well as monetary damages. Previously, this Court granted West Wind's request that discovery proceed in two phases, based on the limited initial discovery targeted at Count I. [See 20.] Thereafter, West Wind moved for summary judgment on Count I. [45.]

## II. Legal Standard

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004).

To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotation omitted). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In

3

turn, summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. And the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In other words, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S at 252.

### III. Analysis

As previously discussed, here, the facts are undisputed. The only question is a legal one: Does the MCS-90 require West Wind to reimburse Occidental for payments made pursuant to settlements? The Seventh Circuit addressed this question in a similar case and answered, "No." See *Auto Owners Ins. Co. v. Munroe*, 614 F.3d 322 (7th Cir. 2010). This binding precedent begins and ends our inquiry.

In *Munroe*, after a severe tractor-trailer accident, the claimants entered a settlement agreement that released the allegedly liable motor carrier from any individual liability above its liability insurance coverage. *Id.* at 323. The insurer brought a declaratory judgment action to establish that the policy limited coverage to $1,000,000. *Id.* After the district court sided with the insurer, the claimants appealed, arguing that the coverage limit was higher either: (1) under the terms of the policy or (2) under the Motor Carriers Act, *as implemented through the MCS-90 endorsement*. *Id.* at 323, 326. As to the second issue, the court explained that, "because the [claimants] have agreed to release [the motor carrier] from any liability beyond what the insurance policy provides, there will never be an unpaid final judgment in this case." *Id.* at 327.

For that reason, the court held that the MCS-90 endorsement was not triggered and therefore did not affect the insurer's liability. *Id.* at 328.

Occidental attempts to limit the applicability of *Munroe* by arguing that the "final judgment" language *might* have been *dicta* and that *Munroe*'s facts *might* be distinguishable. [See 54 at 7.] Neither argument is convincing. First, the Seventh Circuit rejected the claimants' second argument because "[the MCS-90] applies only if triggered by an unpaid final judgment against [the motor carrier]," which was not present in that case. *Id.* at 328. Thus, the court's "final judgment" language clearly was not *dicta*. Second, although Occidental is correct that, in *Munroe*, the insurer was not seeking reimbursement from the motor carrier, Occidental fails to explain why this distinction is material. As here, the issue in *Munroe* was whether the MCS-90 endorsement is triggered by settlements. In short, the Court concludes that this case is controlled by *Munroe* and thus the Court may not consider a contrary decision from another circuit – *T.H.E. Ins. Co. v. Larsen Intermodal Servs., Inc.*, 242 F.3d 667 (5th Cir. 2001) – on which Occidental relies.

But, even if this Court were not required to follow *Munroe*, it would respectfully decline to follow *Larsen*. In that case, the Fifth Circuit gave three reasons for its holding: (1) there is no reason why an insurer could not seek a settlement instead of waiting for a final judgment; (2) the court had previously held that an insurer who paid a settlement because of the requirements of the MCS-90 was entitled to reimbursement; and (3) the reimbursement provision of the MCS-90 permits the insurer to recover "any payment," not just final judgments. See *id.* at 676. None of these reasons are persuasive.

The Fifth Circuit's first point involves the MCS-90's purpose and public policy. "[T]he MCS-90 endorsement operates * * * as a surety in the event judgment against the carrier is for

5

some reason unsatisfied." *Carolina Cas. Ins. Co. v. Yeates*, 584 F.3d 868, 880-81 (10th Cir. 2009). Thus, the MCS-90 shifts the risk of non-payment from the claimant/injured party to the insurer. See *id.* at 881 ("[I]f, for example, the carrier fails to maintain insurance * * * and fails to pay out of its own pocket for its liability to the injured party, the MCS-90 * * * would effectuate a minimum level of recovery for the injured party from the MCS-90 provider."). However, this risk of non-payment applies only if there is a final judgment against the motor carrier; a settlement, by contrast, provides no risk that the injured party will not be compensated. See *id.* ("Conceivably, the motor carrier may carry adequate insurance coverage * * * [o]r, the carrier may choose to pay the judgment out of its own pocket. In either of these cases, the purposes behind the MCS-90 are satisfied, and the endorsement is unnecessary."). Furthermore, if the MSC-90 were triggered by settlements, insurers who deny coverage would have little incentive to negotiate a fair settlement because they would be negotiating with the motor carrier's money (unless, of course, the motor carrier is insolvent).

The Fifth Circuit's second justification relies on its past precedent, namely, *Canal Insurance Co. v. First General Insurance Co.*, 889 F.2d 604 (5th Cir. 1989). However, the court in *Canal Insurance* did not analyze the relevant issue. Rather, it summarily concluded that "First General must reimburse Canal for, and in the amount of, judgments *and settlements* paid by Canal on behalf of Custom in the related state court actions." *Id.* at 612 (emphasis added).

The Fifth Circuit's third argument concerns the endorsement's plain language. To repeat, the MCS-90 provides that "[West Wind] agrees to reimburse [Occidental] * * * for any payment *that [Occidental] would not have been obligated to make* under the provisions of the policy except for the agreement contained in this endorsement." (Emphasis added.) Occidental denied coverage and therefore would not have been obligated to make payments except under the MCS-

90. But Occidental was only obligated under the MCS-90 "to pay, within the limits of liability described herein, *any final judgment* recovered against [West Wind]." (Emphasis added.) There were no final judgments, so Occidental was not obligated to do anything, which renders the reimbursement clause inapplicable.[3] For these reasons, the Fifth Circuit's decision in *Larsen* would not be persuasive authority, even in the absence of *Munroe*.[4]

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion [45] is granted. Judgment will be entered for Plaintiff on Count I. Discovery may now proceed as to Count II.

Dated: July 23, 2012

Robert M. Dow, Jr.
United States District Judge

---

[3] Indeed, after the accident, Occidental advised West Wind that Occidental "ha[d] no duty to make any payment unless or until there is a final judgment." Occidental contends that West Wind never objected to Occidental pursuing settlements but fails to explain why, assuming this fact were true, it is material. [See 54 at 4.]

[4] The Court recognizes that its disposition may be viewed as providing West Wind with a wind-fall. But this is not a reason to disregard binding precedent or the MCS-90 endorsement's plain language. In drafting that endorsement, Occidental may have put the cart before the horse, taking on unnecessary financial obligations.

**Gary M. Feiereisel**

**From:** usdc_ecf_ilnd@ilnd.uscourts.gov
**Sent:** Monday, July 23, 2012 4:17 PM
**To:** ecfmail_ilnd@ilnd.uscourts.gov
**Subject:** Activity in Case 1:10-cv-06263 West Wind Express v. Occidental Fire & Casualty Company of North Carolina memorandum opinion and order

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.

United States District Court

Northern District of Illinois - CM/ECF LIVE, Ver 5.0.3

### Notice of Electronic Filing

The following transaction was entered on 7/23/2012 at 4:17 PM CDT and filed on 7/23/2012

**Case Name:** West Wind Express v. Occidental Fire & Casualty Company of North Carolina
**Case Number:** 1:10-cv-06263
**Filer:**
**Document Number:** 68

**Docket Text:**
MEMORANDUM Opinion and Order Signed by the Honorable Robert M. Dow, Jr on 7/23/2012. Mailed notice(tbk, )

**1:10-cv-06263 Notice has been electronically mailed to:**

Bradley James Jeanblanc    bjeanblanc@fkllc.net

Christopher Dean Willis    cwillis@bussepc.com

Edward K. Grasse    edgrasse@bussepc.com, bethemackowiak@bussepc.com

Frank Kasbohm    fkasbohm@fkllc.net

Gary Feiereisel    gfeiereisel@fkllc.net

Kathryn I. Beck    kbeck@bussepc.com

**1:10-cv-06263 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=7/23/2012] [FileNumber=10414499-0] [0475aea0f4bf1106d76acb0e66ed2e4785e3b5d3ced68050eb4e11fbd637b9a435 59f9d99c6a7cf6a3aba90cf6ba50ff95b8510287f560a0880b1785012917c2]]

7/25/2012