**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WEST WIND EXPRESS, )<br>)<br>) Case No.: 10-cv-6263<br>Plaintiff, )<br>) Judge Robert M. Dow, Jr.,<br>v. )<br>)<br>OCCIDENTAL FIRE & CASUALTY )<br>COMPANY OF NORTH CAROLINA, )<br>)<br>Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's motion for judgment on the pleadings [72]. For the reasons stated below, the Court respectfully denies the motion.

**I.     Background**

Plaintiff West Wind Express sought a declaratory judgment that it was not obligated to reimburse its insurer, Defendant Occidental Fire & Casualty Co. of North Carolina, for payments Defendant made in settlement of three lawsuits that third parties had filed against Plaintiff (Count I). Plaintiff also alleged that Defendant acted vexatiously and unreasonably in its "ongoing and repeated demands for reimbursement," in violation of 215 ILCS 5/155, and sought statutory penalties and attorneys' fees in connection with that alleged violation (Count II). The Court implemented a biphasic discovery schedule, and Plaintiff moved for summary judgment on Count I [45] at the conclusion of the first phase. The Court granted Plaintiff's motion [68], and the parties proceeded with discovery on Count II. Defendant has now moved for judgment on the pleadings as to Count II [72]. Defendant contends that Plaintiff cannot state a claim under § 155 because Defendant did not withhold any policy benefits from Plaintiff. Defendant contends

1

in the alternative that Plaintiff cannot succeed on its § 155 claim because there was a bona fide dispute about coverage.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the parties have filed the complaint and answer. See also *Brunt v. Serv. Emps. Int'l Union*, 284 F.3d 715, 718 (7th Cir. 2002). The Court takes all well-pleaded allegations as true and, after drawing all reasonable inferences in favor of the non-moving party, determines whether the complaint sets forth facts sufficient to support a cognizable legal theory. *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1073 (7th Cir. 2013). Federal Rule of Civil Procedure Rule 12(d) provides that a Rule 12(c) motion "must be treated as one for summary judgment under Rule 56" if "matters outside the pleadings are presented to and not excluded by the court." However, the Court may take judicial notice of documents that are part of the public record, including pleadings, orders, and transcripts from prior proceedings in the case, without triggering the operation of Rule 12(d). *Scherr*, 703 F.3d at 1073; see also *Ennenga v. Stearns*, 677 F.3d 766, 773 (7th Cir. 2012) ("Taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment."); *Archer Daniels Midland Co. v. Burlington Ins. Co. Grp., Inc.*, 785 F. Supp. 2d 722, 726 (N.D. Ill. 2011).

As a general rule, "[a] complaint that invokes a recognized legal theory * * * and contains plausible allegations on the material issues * * * cannot be dismissed under Rule 12." *Richards v. Mitcheff*, 696 F.3d 635, 638 (7th Cir. 2012) (citing *Erickson v. Pardus*, 551 U.S. 89 (2007)). But "a complaint that alleges an impenetrable defense to what would otherwise be a good claim should be dismissed (on proper motion) under Rule 12(c)." *Id.* at 637. In other words, dismissal under Rule 12(c) is proper when a plaintiff's allegations "show that there is an airtight defense

[such that he] has pleaded himself out of court," *id.*, or, more generally, "if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Hayes v. City of Chi.*, 670 F.3d 810, 813 (7th Cir. 2012) (quoting *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)); see also *Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 658 F.3d 662, 665 (7th Cir. 2011) ("When the complaint itself contains everything needed to show that the defendant must prevail on an affirmative defense, then the court can resolve the suit on the pleadings under Rule 12(c)."). Dismissal also is proper under Rule 12(c) when a movant has demonstrated that the complaint fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(h)(2)(B); *Alioto v. Town of Lisbon*, 651 F.3d 715, 718 (7th Cir. 2012). To make that assessment, the Court uses the more familiar Rule 12(b)(6) standard. See *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 757 n.1 (7th Cir. 2006). Thus, for a complaint to survive, its factual allegations must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

**III. Discussion**

Section 155 provides in relevant part that

> (1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
>
> (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
>
> (b) $60,000;

>   (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

215 ILCS 5/155. "The Illinois legislature designed this provision to provide a remedy to 'insureds who encounter unnecessary difficulties resulting from an insurance company's unreasonable and vexatious refusal to honor its contract with the insured.'" *First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 807 (7th Cir. 2002) (quoting *Korte Constr. Corp. v. Am. States Ins.*, 750 N.E.2d 764, 771 (Ill. App. Ct. 1st Dist. 2001)). That is, § 155 "provides an extracontractual remedy for insurer misconduct that is vexatious and unreasonable." *Cramer v. Ins. Exch. Agency*, 675 N.E.2d 897, 902 (Ill. 1996); see also *Area Erectors, Inc. v. Travelers Prop. Cas. Co. of Am.*, 981 N.E.2d 1120, 1127 (Ill. App. Ct. 1st Dist. 2012) ("The attorney fees, costs and limited penalty provisions of section 155 are an extracontractual remedy intended to make suits by policyholders economically feasible and punish insurance companies for misconduct." (quotation omitted)). Whether an insurer acted unreasonably or vexatiously is a question of fact, see *Med. Protective Co. v. Kim*, 507 F.3d 1076, 1086 (7th Cir. 2007) (citing *Boyd v. United Farm Mut. Reinsurance Co.*, 596 N.E.2d 1344, 1349 (Ill. App. Ct. 5th Dist. 1992)), and a "trial court must consider the totality of the circumstances before it determines that an insurer's conduct violates section 155." *Golden Rule Ins. Co. v. Schwartz*, 786 N.E.2d 1010, 1018 (Ill. 2003). "Factors to consider are the insurer's attitude, whether the insured was forced to sue to recover, and whether the insured was deprived the use of his property." *Siwek v. White*, 905 N.E.2d 278, 284 (Ill. App. Ct. 1st Dist. 2009) (quotation omitted). "Attorneys['] fees may not be awarded simply because an insurer takes an unsuccessful position in litigation, but only where the evidence shows that the insurer's behavior was willful and without reasonable cause. This means that an insurer's conduct is not vexatious and unreasonable if: (1) there is a bona fide

dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000) (citations omitted).

The Court previously determined [68] that the MCS-90 endorsement did not require Plaintiff to reimburse Defendant unless and until there was a final judgment, and that the settlements into which Defendant entered were not "final judgments" for purposes of the endorsement. See *Auto-Owners Ins. Co. v. Munroe*, 614 F.3d 322, 327 (7th Cir. 2010). Defendant now points to this ruling and contends that, "as a matter of law plaintiff can state no claim for damages under Section 155" because "there were no benefits owing to plaintiff under Occidental's policy." [73] at 4. In support of this position, Defendant cites case law that contains language to the effect of, "defendant could not have committed the vexatious and unreasonable conduct necessary for section 155 relief where, as here, no benefits are owed." *O'Rourke v. Access Health, Inc.*, 668 N.E.2d 214, 222 (Ill. App. Ct. 1st Dist. 1996); see also *First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 807 (7th Cir. 2002); *Miller v. Ill. Farmers Ins.*, 742 N.E.2d 848, 858 (Ill. App. Ct. 1st Dist. 2000). These cases are inapposite, however, in that they concern disputes over whether coverage existed; the instant case centers on a dispute over reimbursement for already-provided settlement payments. Section 155 is intended to provide redress for dalliance and misconduct by insurers. See *Cramer v. Ins. Exch. Agency*, 675 N.E.2d 897, 900-02 (Ill. 1996). Nothing in the terms of the statute restricts its application to as narrow a universe of situations as Defendant suggests, and Defendant has not pointed the Court to any case law that restricts the applicability of § 155. To the contrary, the Seventh Circuit has

5

interpreted case law from the Illinois Supreme Court broadly, concluding that § 155, "while not the exclusive remedy for tortious conduct by an insurer, essentially substitutes for a separate tort of 'bad faith.'" *Jump v. Schaeffer & Assocs. Ins. Brokerage, Inc.*, 123 F. App'x 717, 720 (7th Cir. 2005) (quoting *Cramer*, 675 N.E.2d at 904)). "Bad faith" plausibly may occur in situations other than the mine-run denial of coverage, and dismissal is not warranted on this basis.

Defendant also advances a second ground for judgment on the pleadings: it contends that it is entitled to judgment on the pleadings because there was a bona fide dispute as to whether it "could seek reimbursement for claims it paid as a result of a settlement versus final judgment under the MCS-90 endorsement of Occidental's insurance policy." [73] at 6. "Whether an insurer had a *bona fide* coverage dispute with an insured shows whether the insurer acted unreasonably or vexatiously; this showing goes to the merits of the claim and is not a separate affirmative defense." *P&M/Mercury Mech. Corp. v. W. Bend Mut. Ins. Co.*, 483 F. Supp. 2d 601, 604 (N.D. Ill. 2006). The Court therefore addresses this argument even though Defendant did not identify it as an affirmative defense in its pleadings. (The Court notes that Plaintiff has not characterized this argument as an affirmative defense and has substantively responded to it.)

If there is a bona fide dispute regarding coverage – meaning a dispute that is '[r]eal, [actual], genuine, and not feigned' – statutory sanctions are inappropriate." *Med. Protective Co.*, 507 F.3d at 1087 (quoting *McGee v. State Farm Fire & Cas. Co.*, 734 N.E.2d 144, 153 (Ill. App. Ct. 2d Dist. 2000)); see also *State Farm Mut. Auto. Ins. Co. v. Smith*, 757 N.E.2d 881, 887 (Ill. 2001). Defendant's professed reliance on the terms of the MCS-90 endorsement and Fifth Circuit case law interpreting that provision suggests that Defendant may well have genuinely believed it was entitled to reimbursement. However, the Illinois courts teach that, in order to determine whether an insurer's actions are vexatious and unreasonable, a court "must consider the totality

of the circumstances." *Golden Rule Ins. Co. v. Schwartz*, 786 N.E.2d 1010, 1018 (Ill. 2003); see also *Med. Protective Co. v. Kim*, 507 F.3d 1076, 1086 (7th Cir. 2007). And because that inquiry presents a factual question, *Janes v. W. States Ins. Co.*, 783 N.E.2d 37, 42 (Ill. App. Ct. 5th Dist. 2001), the Court may not decide the issue on the pleadings alone, although the issue may be susceptible to disposition at summary judgment if the facts developed fail to show a genuine issue of disputed material fact. See *Perez v. AMCO Ins. Co.*, 2009 WL 755228, at *7 (N.D. Ill. Mar. 23, 2009) (Dow, J.); *P&M/Mercury Mech. Corp. v. W. Bend Mut. Ins. Co.*, 483 F. Supp. 2d 601, 604 (N.D. Ill. 2006).

**IV.  Conclusion**

For the foregoing reasons, the Court respectfully denies Defendant's motion for judgment on the pleadings [72].

Dated: May 23, 2013                                        _____
                                                                               Robert M. Dow, Jr.
                                                                               United States District Judge